288 So.2d 348 (1974)
STATE of Louisiana
v.
Felton Lee LEWIS.
No. 53871.
Supreme Court of Louisiana.
January 14, 1974.
*349 Bryant W. Conway, Baker, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Nathan S. Wilson, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Defendant, Felton Lewis, was convicted of simple burglary, LSA-R.S. 14:62, and sentenced to four years imprisonment. He has appealed, relying upon ten bills of exceptions for reversal of his conviction and sentence. Bill of Exceptions No. 10 was neither briefed nor argued, and is therefore considered abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).

BILLS OF EXCEPTIONS NOS. 1, 2, 3, 7, and 8.
The instant prosecution was for the burglary of a T G & Y store on November 25, 1971. At the trial, it was shown that a plate glass window in front of the store was broken and one or more persons entered the store. An electric eye activated the store's burglar alarm. The burglars fled without taking anything from the store.
The State introduced evidence of another burglary of the same store on the night of December 25, 1971. On this occasion, entry was obtained in the same manner, and three rifles were stolen. Evidence of the December burglary was introduced for the announced purpose of proving that the November entry into the store was made with the specific intent to commit a theft therein, an essential element of the crime of burglary. Defendant objected to the admission of the evidence of the second burglary.
Bill of Exceptions No. 1 was reserved during the examination of Grantland Robinson, a State witness who had previously confessed to participating in the two burglaries. Robinson testified that on November 25, 1971, he broke a window at the T G & Y and entered the store. He testified that the defendant was with him on that occasion, and that the defendant had entered the store when the burglar alarm sounded. The prosecutor then asked the witness where he was on Christmas night. Defense counsel objected to the relevancy of the question, and the prosecutor responded he was proceeding under Code of Criminal Procedure Article 445 to show knowledge, system and intent through evidence of other crimes.[1] Defense counsel objected and reserved Bill of Exception No. 1 when his objection was overruled. The witness then proceeded to describe his participation in the December burglary. He testified that the defendant, Felton Lewis, discussed the burglary with him and accompanied him as far as the railroad tracks across from the T G & Y, but that Lewis did not actually enter the store. He also testified that Lewis accepted one of the rifles taken in the December burglary. Defense counsel again objected, and reserved Bill of Exceptions No. 2. Moments later, Bill of Exceptions No. 3 was reserved when the trial judge overruled defense *350 counsel's objection to such testimony on the ground that no foundation had been laid for the evidence. Bills of Exceptions Nos. 7 and 8 were reserved when the rifles were introduced in evidence.
These bills of exceptions bring before us once again the issue of the admissibility of evidence of other crimes for the purpose of proving knowledge, system or intent. See LSA-R.S. 15:445, 15:446.
This Court has given extensive consideration to the admissibility of such evidence in a number of recent decisions. See, e. g., State v. Jordan, La., 276 So.2d 277 (1973); State v. Prieur, La., 277 So.2d 126 (1973); State v. Moore, La., 278 So.2d 781 (1973); State v. Jefferson, La., 284 So.2d 882 (1973); State v. Cosie and Duplessis, La. (Docket No. 53,672, October 29, 1973); State v. Grant and Dixon, La. (Docket No. 53,628, October 29, 1973); State v. Pettle, La., 286 So.2d 625 (1973).[2]
We note initially that this case was tried prior to the decision in State v. Prieur, supra. Hence, the procedural requirements set forth in that case are inapplicable here.
At the time of this offense, LSA-R.S. 14:62 provided:
"Simple burglary is the unauthorized entering of any vehicle, water craft, dwelling or other structure movable or immovable, with the intent to commit any forcible felony or any theft therein, other than as set forth in Article 60."
The intent required by LSA-R.S. 14:62 is specific criminal intent. The statute requires that the actor intend to accomplish certain proscribed consequences, i. e., the commission of a felony or theft. See LSA-R.S. 14:11.
In the November burglary, no theft was actually committed. In fact, defendant denied any intent to commit a theft or other felony in his statement given to the police. Hence, evidence of the second burglary was highly probative of the specific intent to commit a theft. Hence, we hold it was admissible for that purpose. See State v. Pettle, supra; State v. Montegut, 257 La. 665, 243 So.2d 791 (1971); State v. Spencer, 257 La. 672, 243 So.2d 793 (1971).
The evidence introduced by the State to prove the defendant's participation in the December burglary consisted of the testimony of Grantland Robinson, who had previously pleaded guilty to a charge of simple burglary arising out of this incident. Robinson admitted that he, along with the defendant and several others, discussed the burglary of the T G & Y on Christmas night. Robinson testified that the group then proceeded to the T G & Y, where he, Robinson, broke out the plate glass window with a hammer and entered the store. Robinson stated that the defendant, Lewis, accompanied them as far as the railroad tracks across from the store, where he waited while the burglary was committed. Immediately thereafter, Robinson testified, Lewis received one of the rifles obtained in the burglary.
The defendant, Lewis, testified in his own behalf. Lewis admitted taking part in the discussion of the burglary. He also admitted that he was on the railroad tracks while the burglary was committed. He denied, however, that he knew that the burglary was in progress, or that he received one of the guns taken in the burglary that night. He asserted that Robinson gave him the rifle the next day as a Christmas present. Lewis admitted, however, that when he learned that the police were looking for him, he called his sister and told her to dispose of the gun. The weapon turned over to the police by the defendant's sister was conclusively identified by serial number as one of the weapons taken in the December burglary. The *351 weight to be accorded this evidence was of course a question for the jury.
We conclude that Bills of Exceptions 1, 2, and 3, 7 and 8 lack merit.

BILL OF EXCEPTIONS NO. 4
This Bill of Exceptions was reserved when the trial judge permitted two police officers to testify as to certain oral inculpatory statements allegedly made by the accused shortly after his arrest.
The police officers testified (and defense counsel conceded, Tr. 76-90), that the defendant was fully advised of his constitutional rights prior to interrogation. No recording was made of the interrogation, however, and the defendant disputes the testimony of the police officers as to the statements he made.
The police officers testified that the defendant admitted his complicity in the December burglary, and his presence at the scene of the November burglary, though he denied actually entering the store. The defendant testified that he admitted that he was at the scene of the December burglary, but denied admitting any complicity.
After reviewing the testimony, we find no abuse of discretion by the trial judge in allowing the evidence of these statements to go to the jury.
Bill of Exceptions No. 4 is without merit.

BILL OF EXCEPTIONS NO. 5
Defense counsel reserved Bill of Exceptions No. 5 when the trial judge permitted Officer Wilson to testify after refreshing his memory from the police report prepared by another officer, Sergeant Sansone.
Officer Wilson testified that he and Sergeant Sansone jointly interrogated the defendant. Immediately following the interrogation, the two officers conferred as to the content of the report, and Sergeant Sansone typed the report. Thus, the report represented the composite impressions of both officers. In our opinion, the trial judge correctly allowed Officer Wilson to testify after refreshing his memory from the report. See State v. Barnes, 257 La. 1017, 245 So.2d 159 (1971).

BILL OF EXCEPTIONS NO. 6
To identify the guns taken from the T G & Y store in the December burglary, the State interrogated John Paul, store manager, concerning the inventory that was taken. The records of the inventory were introduced in evidence, establishing the serial numbers and caliber of the missing rifles. The defense objected to the introduction of evidence of the inventory.
The testimony of the manager indicates that the inventory was made in the normal course of business, near the time of the burglary. The inventory entries were made under the supervision of the manager.
We conclude that the inventory was admissible in evidence as a business record. See State v. Graves, 259 La. 526, 250 So.2d 727 (1971); 23 C.J.S. Criminal Law § 851, p. 328.

BILL OF EXCEPTIONS NO. 9
This bill was reserved when the trial judge sustained the State's objection to testimony by a defense witness, Mike Jarreau, concerning statements allegedly made by Grantland Robinson, a State's witness, on the day following the December burglary.
The trial judge correctly ruled that the statements were inadmissible. Defense counsel was allowed to fully cross-examine Robinson at the trial. He made no attempt to impeach Robinson's testimony at that time or to lay a foundation for the introduction of prior inconsistent statements. See LSA-R.S. 15:434; LSA-R.S. 15:493.
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] The prosecution had indicated in his opening statement that evidence of other crimes would be used to prove intent. See p. 39 of the record.
[2] The author of this opinion dissented in several of these cases, notably State v. Jordan, State v. Prieur, and State v. Moore, supra.