CALOGERO, Justice.
The defendant, John Harris, was charged by bill of information with having violated La.R.S. 40:971, possession of heroin. On February 24, 1972, after trial by a five man jury, the defendant was found guilty. Thereafter, on March 2, 1972, the defendant was sentenced to three and one-half years at hard labor. During the course of the trial, he reserved three bills of exceptions and he is now relying on two of them for a reversal of his conviction.[1]

Bill of Exceptions No. 1

As its first witness during trial, the State called Charles Krone, a criminalist with the New Orleans Police Department, and laid a predicate to qualify Officer Krone as an expert in the microscopic, spectrographic and chemical analysis of heroin. While defense counsel was cross-examining Officer Krone on the predicate, the following exchange occurred:
“Q. Have you ever run a test, the urine analysis test for methadone?
“A. Yes.
“Q. What type of test do you run ?
“THE COÚRT:
That’s outside the scope of what he is being offered for. He is only being offered as an expert insofar as it pertains to heroin, not methadone.
“MR. BECKER:
If he is an expert on heroin, he would be an expert on any synthetic.
“THE COURT:
He is not being offered for that. Anything you want to ask him with reference to heroin is relevant. We won’t go into methadone, it’s a synthetic.”
To this ruling, defendant reserved Bill of Exceptions No. 1. Thereafter, defense counsel continued to question Officer Krone on the general use of urine analysis tests to detect various narcotic substances. After the completion of this cross-examination on the predicate, both the State and the defense submitted the matter, and the trial court ruled that Officer Krone was an expert in the field of chemical analysis and identification of heroin. The defendant made no objection to this ruling. Consequently, we find that defendant accepted Officer Krone as an expert witness, and therefore there is no need to entertain his argument on appeal relative to Krone’s qualifications (that a proposed expert on heroin detection must be established as an expert in the identifi *769 cation of all opiates), an argument which, in any event, we find to be without merit.
Defendant more properly argues that he was prejudiced by the restriction of his cross-examination, for, he alleges, had he been allowed to fully explore the extent of Officer Krone’s knowledge, he would have been able to affect or minimize the weight to be given Officer Krone’s testimony, by showing that the officer lacked the ability to determine the presence of methadone.
We find no merit in this argument. La. R.S. 15:275, governing the trial court’s control over the examination of witnesses, provides:
“In the discipline of his court, the trial judge is vested with a sound discretion to stop the prolonged, unnecessary and irrelevant examination of a witness, whether such examination be direct or cross, and even though no objection be urged by counsel.”
In the instant case, the trial court was acting to curtail examination on an irrelevant matter. Officer Krone was offered as an expert witness by the State to testify to the identity of a white, powdery substance which the defendant allegedly dropped after being approached by police officers. Officer Krone’s ability to detect methadone in urine samples was irrelevant to this testimony, and would not likely have affected the weight given his testimony by the jury.
This bill is without merit.

Bill of Exceptions No. 3.

Bill of Exceptions No. 3 was reserved when the trial court denied defendant’s request to exhibit to the jury the police report pertaining to his arrest. In this report the police officer had allegedly noted that at the time of his arrest, the defendant stated that he was on a methadone program. Presumably this statement was helpful to the defendant, as it tended to establish that he had no reason to possess heroin as a user.
Defendant’s asserted reason at trial for requesting exhibition of the arrest report was that the defendant had made the statement to the police and the fact that he had was contained in the police report which formed part of the court record. The trial judge took the position that it was not part of the “case” because it had not as of then been introduced into evidence. The judge considered the police report hearsay but more appropriately contended that the fact that the defendant may have made this statement at an earlier time was essentially redundant because the defendant had already so testified. We believe that the trial court’s ruling was correct, in that proof the defendant had earlier made the statement was redundant. The defendant had already testified not only that he was on methadone at the time of his arrest but that he had told the police officers so.
While the defendant did not either at trial or in brief specifically take the position that proof of the earlier statement corroborated his trial testimony and should therefore be admissible, such was the obvious thrust of his attempt. R.S. 15:496 provides:
“When the testimony of a witness has been assailed as to a particular fact stated by him, similar prior statements, made at an unsuspicious time, may be received to corroborate his testimony.”
We do not believe this statute is applicable because there was no contention that defendant’s testimony was assailed as to the fact sought to be corroborated. Indeed the officers did not deny that defendant had made such a statement at the time of his arrest. Consequently proof of the earlier statement by introduction of the police arrest report, corroborating defendant’s testimony, was not admissible under R.S. 15:496.
The trial court ruling was correct. The bill has no merit.
We have reviewed the pleadings and proceedings for discoverable error. *770 Art. 920, C.Cr.P. We note that the verdict in the case[2] appears, not on the reverse side of a list of responsive verdicts, but upon a copy of a bill of information. We do not find this to be reversible error.
Accordingly the conviction and sentence are affirmed.
BARHAM, J., dissents with reasons.

. Bill of Exceptions No. 2 has been submitted without argument and is therefore considered abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).

. “Guilty as charged to John Harris.'