343 So.2d 135 (1976)
STATE of Louisiana
v.
Robert Davis ANDERSON.
No. 57987.
Supreme Court of Louisiana.
October 6, 1976.
On Rehearing February 28, 1977.
*136 James David Caldwell, Tallulah, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Charles R. Brackin, Dist. Atty., Thomas W. Bishop, Asst. Dist. Atty., for plaintiff-appellee.
*137 SUMMERS, Justice.
Appellant Robert D. Anderson was charged in a bill of information with the September 21 or 22, 1975 simple burglary of the Osborne Ford Lincoln Mercury garage, in Tallulah, Madison Parish, Louisiana.
He was tried in December of 1975, found guilty as charged and sentenced to imprisonment at hard labor for a term of nine years. Eight assignments of error are relied upon on this appeal for reversal of the conviction and sentence.

Assignments 1 and 4
Prior to his opening statement the State's attorney moved that the jury be retired. When the judge granted the motion, the State's attorney announced that he intended to produce evidence of a prior conviction to show system and intent and to refer to this prior conviction in his opening statement. He explained that the crime charged in the instant case was simple burglary. In this connection, he stated, it was necessary for the State to show that defendant made an unauthorized entry into a garage with intent to commit a felony or theft therein. Accordingly, the State would attempt to show mode of operation by a previous bill of information charging theft on June 1, 1975 of a 1975 Mercury belonging to Tallulah Motor Company, the predecessor of Osborne Ford Lincoln Mercury, Inc. Also the State would show the circumstances upon which the theft charge was based, together with a plea of guilty to that charge. For these reasons, the prosecutor pointed out, the ruling on the evidence of the prior offense outside the presence of the jury was requested before the State made mention thereof in its opening statement.
Defense counsel acknowledged that the State had given him notice that it would introduce evidence of another offense involving auto theft but not of simple burglary. The State's attorney then stated that only evidence of the prior theft offense and the circumstances surrounding that offense would be referred to. As we understand the defense argument, no circumstance surrounding the charge of auto theft which amounted to simple burglary was admissible, and only the facts and circumstances which established theft were admissible. This argument is based upon the contention that as a result of the June 1, 1975 offense two charges were lodged against this defendant, one for simple burglary and one for auto theft. The simple burglary charge was nolle prossed, but defendant pled guilty to auto theft. The objection also seems to be based upon the ground that evidence of a guilty plea is inadmissible.
In establishing the circumstances surrounding the theft charge, the State produced witnesses to show that an unauthorized entry was made into the garage of the Tallulah Motor Company and a 1975 Mercury was taken, which was later found in defendant's possession in Texas.
With regard to the first part of the defense objection, it is noted that intent to commit theft is a necessary element of simple burglary. La.R.S. 14:62. Similar offenses may be shown to establish the elements of a crime charged, as well as the complete crime charged. La.R.S. 15:445-46. To establish the offense of theft it is necessary to show the taking of something of value belonging to another. La.R.S. 14:67. It was, therefore, necessary in establishing the similar offense of theft for the State to show that defendant took an automobile belonging to the Tallulah Motor Company without their consent. To do this it was essential that the evidence show how it was taken. Thus, testimony showing how the car was taken from the garage was relevant in the State's effort to show the circumstances surrounding the plea of guilty to the similar offense of theft, in order to support the theft element of the crime of simple burglary for which defendant was on trial.
The contention is that evidence of criminal activity other than that for which the defendant is on trial is inadmissible, except under specific statutory exceptions permitting evidence which is part of the res gestae, or evidence of criminal acts which are relevant to show intent, knowledge or *138 system under Sections 446, 447 and 495 of Title 15 of the Revised Statutes.
Intention to commit theft is an essential element of the crime of simple burglary. The State is charged with proving this element beyond a reasonable doubt. For this purpose, in proving a similar offense of theft, it was necessary that proof be made that there was a taking of the property of another. To do this it was permissible to show the taking of the automobile from the garage of the Tallulah Ford Motor Co., the identical garage involved in the crime for which defendant was on trial. State v. O'Conner, 320 So.2d 188 (La.1975); State v. Hatch, 305 So.2d 497 (La.1975).
Rules of evidence require that a defendant be convicted only upon evidence relevant to the particular crime charged. For that reason evidence of his propensity to commit crimes, and nothing else, is inadmissible because it does not tend to prove that defendant committed the particular crime charged. When, however, relevant and highly probative evidence is necessary to establish the elements of the crime charged, the fact that it involves another crime does not render the evidence objectionable. State v. Bell, 315 So.2d 31 (La. 1975); State v. Graves, 301 So.2d 864 (La. 1974); State v. McGuffey, 301 So.2d 582 (La. 1974); State v. Kinchen, 290 So.2d 860 (La.1974); State v. Cormier, 272 So.2d 686 (La.1973); State v. McLeod, 271 So.2d 45 (La.1973).
There is no merit to these bills.

Assignments 2 and 3
Again defendant urges the argument advanced in connection with Assignments 1 and 4. Here, however, the emphasis is on the fact that in showing the circumstances upon which the prior offense of theft was based, to which defendant pled guilty, there was no showing that defendant was involved in the break-in at the Tallulah Ford Motor Co. garage.
It may be true that no direct evidence was produced to show that defendant broke into the garage on June 1, 1975, however, the circumstantial evidence was strong against him. It was clearly shown that the car was taken from the garage without the consent of the Ford dealer, and defendant was found in possession of the car soon thereafter in Texas. There is, in addition, a strong presumption that the person in the unexplained possession of property recently stolen is the thief. La. R.S. 15:432.
Proof of intention may be based on circumstantial evidence, and defendant's intention may be inferred from the nature and facts of the case. La. R.S. 15:438. State v. Robinson, 315 So.2d 268 (La.1975).
These assignments have no merit.

Assignment 5
A complaint that the trial judge unnecessarily restricted defense counsel's cross-examination of a State witness is the basis of this assignment.
During the trial Officer D'Elmer Williamson was called as a witness for the State. He testified to the facts and circumstances uncovered in his investigation of the burglary of September 21, 1975. According to his investigation a small hole in a window had been broken, through which someone could reach to open the window from inside. To support the testimony Officer Williamson would give relating to fingerprints he lifted at the site, the State sought to have him give an explanation of a latent fingerprint. Defense counsel objected that he had not been qualified as an expert and could not give an opinion on that subject.
Williamson was then questioned by the State concerning his qualifications and experience in raising latent fingerprints. He testified that he had been a deputy sheriff for more than seven years. Prior to this time he had been with the city police. In these capacities he had been lifting fingerprints for fifteen years. As a deputy sheriff he took most of the fingerprints in the sheriff's department of Madison Parish. He had been to numerous schools where he received instructions on the technique. After *139 this predicate he was offered by the State as an expert qualified to give opinion testimony with regard to lifting fingerprints.
He was then cross-examined extensively by defense counsel. When the examination digressed into the witness' ability to read fingerprints as distinguished from lifting them, and it promised to be exceedingly protracted, the trial judge denied defense counsel the right to continue the cross-examination, and ruled that the witness was competent to testify to the lifting of fingerprints. Objection was made and this assignment of error is presented.
This defense objection to the ruling of the trial judge is answered by Section 275 of Title 15 of the Revised Statutes:
"In the discipline of his court, the trial judge is vested with a sound discretion to stop the prolonged, unnecessary and irrelevant examination of a witness, whether such examination be direct or cross, and even though no objection be urged by counsel."
In numerous recent decisions we have affirmed the right of the trial judge to limit and restrict the irrelevant and protracted cross-examination of witnesses. State v. Batiste, 318 So.2d 27 (La.1975); State v. Harris, 308 So.2d 767 (La.1975); State v. Scott, 278 So.2d 121 (La.1973); State v. McCauley, 272 So.2d 335 (La.1973); State v. Clouatre, 262 La. 651, 264 So.2d 595 (1972).
This assignment is without merit.

Assignment 6
Relying upon the right to submit special written charges for the jury to the court, La.Code Crim.Pro. art. 807, defense counsel requested that the trial judge charge the jury that the crime of simple burglary requires the specific intent to commit a felony or any theft therein, not general criminal intent.
Following are extracts from the trial judge's general charge to the jury which are pertinent here.
". . . The accused is charged with simple burglary which is defined in the Louisiana Code, Article 62 as follows: `Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, moveable or immoveable, with the intent to commit a felony or any theft therein, other than as set forth in Article 60. Whoever commits the crime of simple burglary shall be imprisoned at hard labor for not more than nine years . . .' Since simple burglary as herein the above defined requires that the accused enter with the intent to commit any felony or theft therein. It is deemed pertinent to read to you Article 10 and 11 of the Louisiana Criminal Code which is as follows: `Criminal intent may be specific or general. (1) Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. (2) General criminal intent is present whenever there is specific intent. And also when the circumstances indicate that the offender in the ordinary course of human experience must have averted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act.' Article 11 with reference to criminal intent reads: `The definition of some crimes required a specific criminal intent while in others, no intent is required. Some crimes consist merely of criminal negligence that produces criminal consequences. However, in the absence of qualifying provisions, the term intent and intentional have reference to general criminal intent.' In order to show intent, evidence is admissible of similar acts independent of the act charged as a crime in the indictment. For though intent is a question of fact, it need not be proven as a fact. It may be inferred from the circumstances of the transaction . . . By law attempted simple burglary is a lesser offense to simple burglary and is a possible responsive verdict. Louisiana Criminal Code, Article 27 defines attempt as follows: `A. Any *140 person who having a specific intent to commit a crime does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended'. And it shall be immaterial whether under the circumstances he would have actually accomplished his purpose."
Article 807 of the Code of Criminal Procedure provides that a requested special charge need not be given if it is included in the general charge. The foregoing quoted portions of the general charge fairly cover the requested charge. There is no error in this assignment.

Assignment 7
It is the defense contention that the trial judge erred in allowing the custodian of the East Carroll Prison Farm to testify on behalf of the State to defendant's bad character.
Defendant had pled guilty to the June 1, 1975 theft of an automobile. On August 21, 1975 he was sentenced to imprisonment for two and one-half years and confined in the East Carroll Parish Prison Farm. The State called Warden Fontenberry who testified that defendant had been granted a week-end pass on September 20, 1975 for the restricted purpose of visiting his immediate family in Lake Providence. The defense contends that since it had been shown that the defendant was apprehended on September 21 in Tallulah in close proximity to the garage where the attempted burglary occurred the jury would undoubtedly draw the inference that defendant had violated his week-end pass.
In effect, according to this contention, the testimony relative to the restriction on the week-end pass amounted to evidence of bad character offered by the State on its case-in-chief when no evidence of defendant's good character had yet been offered by the defense. Relying upon Section 481 of Title 15 of the Revised Statutes, defendant contends the State is permitted to introduce testimony of the bad character of the accused only in rebuttal of the evidence introduced by him to show good character.
The contention is without merit. The evidence was relevant to a material issue of the case. It was necessary for the State to show that defendant's presence near the scene of the crime was not warranted, except insofar as it established his connection with the offense. La. R.S. 15:435. The fact that defendant was not where he was supposed to be, combined with the fact of his apprehension near the scene of the break-in, raised an inference that he may have been involved in the break-in. The testimony, therefore, supports an inference raised by the fact of his presence near the break-in. As such it is relevant and was properly admitted. La. R.S. 15:441.

Assignment 8
Defense arguments in connection with assignments 1 to 7 are advanced in support of defendant's motion for a new trial. The motion was denied and error was assigned to the ruling. Having found the other defense contention without merit, the motion is likewise without merit.
For the reasons assigned, the conviction and sentence are affirmed.
DENNIS, J., concurs, except that he disagrees with the treatment of assignments 2 and 3 because the crime of burglary cannot be inferred solely from the possession of recently stolen property. See State v. Searle, La., 339 So.2d 1194.
DIXON, J., concurs with reasons.
CALOGERO, J., dissents and assigns reasons.
TATE, J., dissents for the reasons assigned by CALOGERO, J.
DIXON, Justice (concurring).
The evidence of defendant's prior theft from the Tallulah Motor Company was relevant to prove intent in the instant burglary of the same building. Intent was an essential and important element of the offense. The probative value of the prior misconduct was not overcome by its prejudicial nature.
*141 CALOGERO, Justice (dissenting).
I disagree with the court's resolution of assignment of error number six.
In this simple burglary prosecution defense counsel, complying with Article 807 of the Code of Criminal Procedure, submitted a special written requested charge to the effect that the crime of simple burglary requires specific intent to commit a felony or any theft therein, not simply general criminal intent. He was correct, of course, for the crime of simple burglary does require specific and not general intent. State v. Lewis, 288 So.2d 348 (La.1974); La. R.S. 14:62.
The majority finds that the judge's general charge fairly covers the requested charge. The majority opinion accurately quotes the only possibly pertinent portion of the trial judge's charge in this respect. But as I read that general charge of the trial judge, there appears nowhere in it the statement that specific intent is necessary to prove guilt of the crime of simple burglary. At best it can be said that the judge instructed the jury that simple burglary requires that the accused enter with the "intent" to commit any felony or theft therein and thereafter simply read from the law definitions of specific and general criminal intent. It is evident from the transcript that the judge felt that specific criminal intent was not a necessary ingredient of the crime of simple burglary, for he refused to give defendant's wholly correct and pertinent requested charge immediately on the heels of the state's argument that specific intent was not required.
I believe that assignment number six has merit and that the conviction should be reversed and the defendant ordered retried.

ON REHEARING
DENNIS, Justice.
In December of 1975, Robert Davis Anderson was convicted of simple burglary of the Osborne Ford Lincoln Mercury dealership in Tallulah, Louisiana, and was sentenced to serve nine years imprisonment at hard labor. On original hearing we affirmed his conviction and sentence. However, in response to Anderson's timely application, we granted a rehearing in order more fully to consider the correctness of our initial conclusion that no reversible error was committed by the trial judge by his refusal to read to the jury, at defendant's request the following special charge:
"The crime of simple burglary requires the specific intent to commit a felony or any theft therein, not general criminal intent."
The elements of the offense for which defendant was prosecuted are set forth in La. R.S. 14:62 as follows:
"Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, * * *."
As is clear from the statutory language, proof that an accused actually committed a felony or theft is not necessary to a conviction for simple burglary; however, at the moment of his unauthorized entry, the actor must intend to commit a felony or theft therein.
We have previously held, and continue to subscribe to the view, that the intent required by La. R.S. 14:62 is specific criminal intent. State v. Lewis, 288 So.2d 348 (La.1974). See also, State v. Lentz, 306 So.2d 683 (La.1975); State v. Jones, 315 So.2d 650 (La.1975). The actor must specifically intend to accomplish certain prescribed criminal consequencesi. e., he must actively desire to commit a felony or theft within the premises at the time of his unauthorized entry.
The trial judge read to the jury in his general charge, without elaboration, La. R.S. 14:62 (definition of simple burglary), La. R.S. 14:10 (definitions of general and specific criminal intent), La. R.S. 14:11 (provision that absent qualifying language the term "intent" in penal statutes refers to general intent), La. R.S. 15:445 (provision that intent may be inferred from circumstantial evidence, and that other crimes evidence may be used to show such intent), *142 and La. R.S. 14:27 (definition of attempt). On original hearing we concluded the general charge fairly included the defendant's special requested charge, despite its lack of an express statement that specific intent is necessary to prove guilt of the crime of simple burglary.
Defendant forcefully argues that the trial judge's general charge left the jury to decide on its own whether to apply the definition of general criminal intent or that of specific criminal intent in determining defendant's innocence or guilt. Defendant's position is that the trial judge's general charge said too much, and that the special requested charge should have been given to clear up any ambiguity which might have been created by the judge's reading of both intent definitions.
We agree with defendant that the trial judge should not have included in his general charge the definition of general criminal intent from La. C.Cr.P. art. 10, because of its inapplicability to the charge of simple burglary. Given the evidence of this case, however, we do not agree that the inclusion of that definition in the general charge could have created such confusion in the minds of the jury as to mandate reversal.
In the first place, by virtue of the trial judge's having read the elements of the offense of simple burglary, the jury was informed that, in order to convict, it must find that the accused intended to commit a felony or theft at the time he unlawfully entered the premises. Secondly, because of the nature of this case, the risks of jury confusion which might attend some burglary trials were not present. There was no evidence tending to show that the defendant lacked the mental capacity to form the requisite intent to commit burglary. There was no evidence that the defendant actually committed a theft or felony within the building. The defendant took the stand and denied entering the premises, claiming that he had arrived on the scene from St. Joseph, Louisiana, just prior to his apprehension. Accordingly, it was not important for the jury to know that certain kinds of mental disorders make it impossible for one to have specific intent. Nor was it possible for the jury to become confused between the intent to commit a theft or felony at the time of entry with such an intent formed as an afterthought subsequent to the entry.
Perhaps the reading of the general intent definition to a jury in a different type of burglary case presenting more complex issues could cause confusion and a wrongful conviction. But since the issue here was simply whether Anderson made an unauthorized entry with the intent to commit theft or felony we do not see how the jury could have found him guilty without finding he did so with specific intent. Nor do we see how the jury could have failed to find him guilty by applying the specific intent definition and yet convict him by using the general intent definition. Actually, the difference between the two definitions is inefficacious in the evidentiary setting of the instant case.
Therefore, in the instant case, the judge's inclusion of the superfluous general intent definition in the general jury charge, and his refusal to read the special requested charge, did not result in a miscarriage of justice, or a substantial violation of defendant's statutory or constitutional rights. La. C.Cr.P. art. 921. Our decision here, however, should not be mistaken for an approval of the jury instruction. On the contrary, under different circumstances the charge could have been highly prejudicial amounting to reversible error. To avoid the possibility of such error trial courts in burglary cases should either instruct juries that the crime requires specific intent or that it requires simply "the intent to commit a felony or any theft therein." La. R.S. 14:62.
For the foregoing reasons, we conclude that the result reached on original hearing was correct. The defendant's conviction and sentence are affirmed.
DIXON, J., dissents.
CALOGERO, J., dissents for the reasons expressed in his dissent on original hearing.