353 So.2d 713 (1977)
STATE of Louisiana
v.
Delvin DARDAR.
No. 59932.
Supreme Court of Louisiana.
December 19, 1977.
*714 Charley J. Schrader, Jr., Houma, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., Alexander L. Doyle, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged the defendant, Delvin Dardar, with three counts of simple burglary, violations of LSA-R.S. 14:62. A jury found him guilty as charged on Count 2 and guilty of attempted simple burglary on Counts 1 and 3. The court respectively sentenced him to four, six, and four years imprisonment, running concurrently.
The defendant appeals, relying on two assignments of error. As we find reversible merit in Assignment of Error No. 1, we pretermit treatment of Assignment of Error No. 2.
We adduce the following context facts:
The defendant suggested to three juveniles that they take a boat ride to some Bayou Travis fishing camps. En route, the defendant committed attempted simple burglary of a boat (Count 3). While at two camps, he kicked the doors down and committed simple burglary of one (Count 2), and attempted simple burglary of the other (Count 1).

ASSIGNMENT OF ERROR NO. 1
The defendant complains of that portion of the jury charge concerning the intent necessary for a simple burglary conviction. The relevant sections of that charge are as follows:
"* * *
"The defendant in this case is charged with having committed the crime of simple burglary, which offense is defined by the Louisiana Revised Statute, Title 14, Section 62, as follows:
"`Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft or other structure, movable or immovable, with the intent to commit a felony or any theft therein other than as set forth in Article 60.' . .. Article 60 dealing with aggravated burglary with which we are not concerned.'
"* * *
"The third element [of simple burglary], the matter of intent to commit a felony or a theft, relates to and includes the question of law about which you must be instructed. . . . The definition of theft applicable to this case is that it is the misappropriation or taking of anything of value without the owner's consent and with the intent to deprive him of it permanently.

*715 "The intent referred to by the statute defining theft is the specific criminal intent defined in Revised Statute, Title 14, Section 10, Paragraph 1, as follows:
"`Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed consequences to follow his act or failure to act.'
"That highly technical definition may be said to mean that there is specific criminal intent when the circumstances indicate that the offender actively wished for the consequences of his forbidden act.
"The law presumes that the defendant intended the natural and probable consequences of his act and that presumption stands until it is overcome by rebutting evidence.
"Though intent is a question of fact it need not be proven as a fact, it may be inferred from the circumstances of the transaction, and no further proof of intent is required than that the accused voluntarily or knowingly did the act.

"Actions generally disclose and indicate intent and, hence, intent can be inferred and determined from actions. The facts and circumstances surrounding an occurrence generally indicate whether it was deliberate or accidental, intentional or unintentional.
"In order to find the intent referred to in this case it is merely necessary for you to determine from the facts and circumstances shown whether the act of the defendant was intentional or unintentional.
"* * *
"To review briefly, the State must prove, one, that the defendant entered two structures and/or a boat; two, that such entries were unauthorized, and three, that the defendant intended to commit a felony or a theft therein." [Emphasis added.]
The defense asserts:
"The trial judge correctly observed that specific intent is required in this case, the crimes charged being simple burglary. Thereafter, in his charge he confused, changed and explained away `that highly technical definition' until no substance was left in it and `specific intent to commit a felony or theft therein' was reduced to the general intent language of `intended the natural and probable consequences of his act' and `voluntarily did the act' and whether the act of the defendant was `intentional or unintentional.'"
The thrust of this argument is that the charge relieved the State of proving an essential element of the crime, specific intent.
In reviewing an objection made to a jury charge, we must consider the charge as a whole and construe particular expressions in context. This Court will not disturb a trial judge's ruling unless the disputed portion, when viewed in light of the entire instruction, is erroneous and prejudicial. State v. George, La., 346 So.2d 694 (1977); State v. Walker, 204 La. 523, 15 So.2d 874 (1943); State v. Davis, 154 La. 295, 97 So. 449 (1923).
One guilty of simple burglary must have had "the intent to commit a felony or any theft therein [a structure]." LSA-R.S. 14:62. The requisite intent is specific intent. State v. Anderson, La., 343 So.2d 135 (1977); State v. Walker, La., 328 So.2d 87 (1976); State v. Lewis, La., 288 So.2d 348 (1974).
Specific criminal intent exists when the defendant "actively desired the prescribed criminal consequences to follow his act. . .." Whereas, general criminal intent exists when the defendant, "in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act . . . ." LSA-R.S. 14:10. [Emphasis supplied.]
In State v. Elzie, La., 343 So.2d 712 (1977), we stated:
"In summary, specific intent is present when from the circumstances the offender must have subjectively desired the prohibited *716 result. On the other hand, general intent exists when from the circumstances the prohibited result may reasonably be expected to follow from the offender's voluntary act, irrespective of any subjective desire on his part to have accomplished such result." [Emphasis supplied.]
Initially, the trial judge properly gave the statutory definition of simple burglary. See LSA-R.S. 14:62. In addition, he correctly explained that specific intent exists when one actively desires the prescribed consequences, and that intent may be inferred from the circumstances. LSA-R.S. 14:10(1), 15:445; State v. Elzie, supra. Ultimately, however, the trial judge diluted these instructions so as to require only that the defendant voluntarily and knowingly did the act and that the act was intentional, rather than unintentional, or accidental.
In State v. Anderson, La., supra, we affirmed a burglary conviction despite the fact that the trial judge included a definition of both general intent and specific intent in his charge to the jury. See also State v. George, La., 346 So.2d 694 (1977).
Here, however, rather than having an alternate instruction on general intent, the instruction misstated the meaning of specific intent. Moreover, in the present case, the defendant introduced evidence of intoxication to negate specific intent, thus increasing the importance of a correct instruction. See LSA-R.S. 14:15; State v. Anderson, supra.
We hold that the instruction as to specific intent is fatally defective and prejudicial to the defendant.
For the reasons assigned, the convictions and sentences are reversed. The case is remanded to the district court for a new trial in accordance with law and the views herein expressed.