368 So.2d 719 (1979)
STATE of Louisiana
v.
Jessie Robert JOHNSON.
No. 63183.
Supreme Court of Louisiana.
March 5, 1979.
*720 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., John W. Sinquefield, Asst. Dist. Atty., for plaintiff-appellee.
Richard W. Langford, Weber & Weber, Baton Rouge, for defendant-appellant.
DENNIS, Justice.[*]
Defendant Jessie Robert Johnson was charged by bill of information with simple burglary, La.R.S. 14:62, armed robbery, La. R.S. 14:64, and attempted first degree murder, La.R.S. 14:27 and 30. Following a jury trial, defendant was found guilty of simple burglary and armed robbery. The trial judge declared a mistrial on the attempted first degree murder charge when the jury was unable to agree upon a verdict. Defendant was sentenced concurrently to nine years at hard labor for simple burglary and to ten years imprisonment without benefit of probation, parole, or suspension of sentence for armed robbery. On appeal, defendant relies on two assignments of error for reversal of his convictions and sentences.
The defendant lived in a rented room above the grocery store and bar owned by Frank Trask. On the evening of the crime Trask's daughter, who lived next door, heard the sound of glass breaking in the alley and Mr. Trask went to investigate. According to Trask, when he entered the store, defendant attacked him with a coke bottle, took money from his wallet and fled. The defendant testified that he was drunk at the time and had broken into the store to look for his tape player which he believed the victim had taken.

ASSIGNMENT OF ERROR NO. 1
By this assignment of error defendant argues that the court erred in allowing the prosecutor to question him regarding his status as a probationer.
During cross-examination, following the defendant's admission to a prior burglary conviction, the prosecutor was permitted, over objection, to elicit from the defendant that he was on probation at the time of the offenses for which he was on trial.
Defendant argues that the trial court's ruling was an impermissible extension of this Court's jurisprudential rule allowing impeachment of a witness's credibility by cross-examination as to the details of other crimes of which he has been convicted. State v. Carter, 363 So.2d 893 (La.1978); State v. Dupar, 353 So.2d 272 (La.1977); State v. Elam, 312 So.2d 318 (La.1975). Three members of this Court think the jurisprudential rule itself is contrary to La.R.S. 15:495 and the historical reasons for impeachment by prior conviction, see, e. g., State v. Carter, 363 So.2d 893, 901 (La.1978) (Tate, J., dissenting); State v. Williams, 339 So.2d 728 (La.1976). Nevertheless, by majority vote it is the rule of this Court, and although the trial judge applied it too liberally in the instant case, we ultimately conclude that he did not commit reversible error. The questioning of a defendant as to his probation goes far afield from a legitimate inquiry into facts which have a bearing upon his credibility as a witness, and the practice should not be permitted by trial judges. However, in the instant case the inquiry was very limited and was no more prejudicial than questioning about the details of violent crimes which has been approved by a majority of this Court in other cases. See, State v. Williams, supra; State v. Elam, supra; State v. Jackson, 307 So.2d 604 (La.1975).

ASSIGNMENT OF ERROR NO. 2
In assignment of error number two defendant contends that the trial court erred in instructing the jury that armed robbery is an offense requiring only general intent.
Following the presentation of the evidence the trial court instructed the jury as to the statutory definitions of simple burglary, armed robbery, simple robbery, attempt, *721 murder and criminal intent. The trial judge also read La.R.S. 14:15 [1] explaining the effect of intoxication at the time of the offense. Shortly after the jury retired to deliberate the jury returned to court and requested further instructions as to the definitions of simple robbery and armed robbery and the criminal intent essential to these crimes. Following an off the record discussion with counsel the court announced that it would instruct the jury that the crimes of armed robbery and simple robbery are crimes dealing with general intent. Despite defendant's objection, the trial court then charged the jury:
"Now, criminal intent. Criminal intent may be specific or general. One, specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. Now, that's specific criminal intent. Now, the crimes of armed robbery and simple robbery come under the category of general criminal intent. General criminal intent is present whenever there is specific intent, just like I read to you before, and also when the circumstances indicate that the offender in the ordinary course of human experience must have overted [sic] to the prescribed criminal consequences as reasonably certain to result from his act or failure to act. All right.
"Foreman: Would that same intent apply to attempted first degree and attempted second degree and manslaughter?
"No, sir, attempted murder, attempted first degree murder, attempted second degree murder, attempted manslaughter, in any attempt it is required that there be a specific criminal intent to commit the crime charged. Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. In an attempt to commit that crime, it is necessary that you find that there was a specific criminal intent." (emphasis supplied)
The trial court's supplemental instruction was erroneous. The jury should not have been told that armed robbery and simple robbery are general intent crimes.
Armed robbery is "the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." La.R.S. 14:64. Simple robbery is identical to armed robbery except that the perpetrator is "not armed with a dangerous weapon." La.R.S. 14:65.
Specific intent is a state of mind in which "the offender actively desired the prescribed criminal consequences to follow his act or failure to act." La.R.S. 14:10(1). Proof of specific intent is required where the statutory definition of a crime includes the intent to produce or accomplish some prescribed consequence (the frequent language being "with intent to . . . ."). State v. Elzie, 343 So.2d 712 (La.1977) (possession of a controlled dangerous substance with an intent to distribute). See, e. g., State v. Lewis, 288 So.2d 348 (La.1974) (burglary); State v. Fontenot, 256 La. 12, 235 So.2d 75 (1970) (obscenity); and State v. Daniels, 236 La. 998, 109 So.2d 896 (1959) (public intimidation), (overruled insofar as a procedural point, State v. Gatlin, 241 La. 321, 129 So.2d 4, 7-8 (1961), but not as to its substantive holding). See also, LaFave and Scott, Criminal Law, § 28 (1972). The *722 crime of theft, which is an essential element of both simple and armed robbery, is a non-consensual taking of anything of value with "[a]n intent to deprive the other permanently" of the thing taken. La.R.S. 14:67. Thus, proof of specific intent is required to convict an accused of theft because its statutory definition includes the intent to accomplish a prescribed consequence, i. e., to permanently deprive the victim of the thing taken. Cf. State v. O'Neal, 328 So.2d 100 (La.1976); State v. Rives, 193 La. 186, 190 So. 374 (1939).
Since the crime of theft, which is an essential element of both simple and armed robbery, La.R.S. 14:64, 65, is a specific intent crime, proof of a specific intent to deprive the owner permanently of whatever may be the subject of the theft is also essential to proof of either armed or simple robbery. See, State v. May, 339 So.2d 764 (La.1976); State v. Calloway, 324 So.2d 801, 812 (La.1976). Cf. State v. Dardar, 353 So.2d 713 (La.1977); State v. Anderson, 343 So.2d 135 (La.1977) (specific intent is an element of the offense of simple burglary); accord: State v. Jones, 315 So.2d 650 (La. 1975); State v. Lewis, 288 So.2d 348 (La. 1974).
Because the general charge correctly instructed the jury that the crimes of armed robbery and simple robbery required the state to prove that the taking had been with the intention of depriving the victim permanently of the thing taken, the state argues that the further erroneous charges given the jury were harmless error. However, the argument must be rejected. The error complained of was prejudicial to the substantial right of the accused to put the state to its proof of an essential element of the crime charged and probably resulted in a miscarriage of justice. See, La.C.Cr.P. art. 921.
The record clearly reflects that the jury foreman specifically asked the court to compare and define the intent element essential to the robbery and attempted murder verdicts. It appears likely that some members of the jury thought defendant's testimony describing his intoxication tended to negative his specific intent to kill Trask or to deprive him of anything of value at the time the defendant allegedly used force upon him. Under these circumstances, whether the defendant had a specific intent to deprive Trask permanently of his money was a decisive issue, and any jury instruction concerning the required proof as to the defendant's state of mind at the time of the crime was crucial. See, State v. Dardar, 353 So.2d 713 (La.1977). Compare, State v. Anderson, 343 So.2d 135 (La.1977) (incorrect instruction of intent element of burglary inconsequential where defendant's ability to form specific intent was not put at issue).
The judge's further charges drew a sharp distinction between the proof of intent required for the jury to convict under the respective charges on trial. In effect, the jury was told that it must find a specific intent to convict the defendant of an attempted homicide but that it need only find a general criminal intent to convict him of a robbery. The jury acquitted the defendant of attempted murder and convicted him of armed robbery. Therefore, under these circumstances, the judge's erroneous charge informing the jury that it could convict the defendant of armed robbery without finding a specific intent to deprive Trask permanently of his money was probably decisive and cannot be classified as non-prejudicial.
Accordingly, for the reasons assigned, defendant's conviction and sentence relative to the simple burglary charge are affirmed. However, the armed robbery conviction and sentence are reversed, and the case is remanded for a new trial on these charges.
SIMPLE BURGLARY CONVICTION AND SENTENCE AFFIRMED.
ARMED ROBBERY CONVICTION AND SENTENCE REVERSED AND REMANDED FOR NEW TRIAL.
NOTES
[*] Judge Cecil C. Cutrer, Louisiana Court of Appeal, Third Circuit, participated in this decision as an Associate Justice Ad Hoc.
[1] La.R.S. 14:15 provides:

"The fact of an intoxicated or drugged condition of the offender at the time of the commission of the crime is immaterial, except as follows:
"(1) Where the production of the intoxicated or drugged condition has been involuntary, and the circumstances indicate this condition is the direct cause of the commission of the crime, the offender is exempt from criminal responsibility.
"(2) Where the circumstances indicate that an intoxicated or drugged condition has precluded the presence of a specific criminal intent or of special knowledge required in a particular crime, this fact constitutes a defense to a prosecution for that crime."