STATE OF LOUISIANA
v.
RONALD DHILLY
No. 2008-KA-0210.
Court of Appeal of Louisiana, Fourth Circuit.
November 19, 2008.
ROBERT L. FREEMAN, Jr., District Attorney Alyson Graugnard, Assistant District Attorney, Counsel for the State/Appellee.
MARY CONSTANCE HANES, Louisiana Appellate Project, Counsel for Defendant/Appellant.
(Court composed of Judge Charles R. Jones, Judge Patricia Rivet Murray, Judge James F. McKay, III).

NOT DESIGNATED FOR PUBLICATION
PATRICIA RIVET MURRAY, Judge.
This is a criminal appeal. Ronald Dhilly appeals asserting as his primary assignment of error the sufficiency of the evidence to support his conviction of attempted possession of methamphetamine. Finding no errors, we affirm.

STATEMENT OF THE CASE
On July 20, 2005, Mr. Dhilly and co-defendant Jimmy Siharath were charged by bill of information with one count of possession of methamphetamine, a controlled and dangerous substance, in violation of La. R.S. 40:967(C)(2). On July 28, 2005, Mr. Dhilly failed to appear for arraignment and an alias capias was issued for his arrest. The arraignment was reset for August 29, 2005, but did not occur because Hurricane Katrina struck the New Orleans area on that date. On February 2, 2006, the trial court set a status hearing for this case for February 17, 2006. This is the same date that the trial court received a January 9, 2006 letter from Mr. Dhilly pointing out that he had not been arraigned or been to court since his August 17, 2005 arrest and requesting that his case be placed on the docket.
In May 2006, Mr. Dhilly filed a "writ of habeas corpus" in this court, which was treated as a request for speedy trial. This court granted the writ, and remanded to the district court to consider Mr. Dhilly's speedy trial request.
On June 1, 2006, the trial court heard motions. The trial court denied a motion to suppress evidence and found probable cause to proceed to trial. On June 25, 2006, Mr. Dhilly filed a pro se Motion to Suppress.
On December 7, 2006, a jury tried Mr. Dhilly and found him guilty of attempted possession of methamphetamine. On August 15, 2007, the State filed a multiple offender bill of information, charging Mr. Dhilly with being a four time felony offender. On the same date, the trial court sentenced Mr. Dhilly to thirty months at hard labor with credit for time served on the original offense. On November 8, 2007, the State withdrew the multiple offender bill of information.

STATEMENT OF THE FACTS
On September 6, 2004, Officer Frank Robertson was working with his partner, Officer Kenneth Spooner, and arrested Mr. Dhilly at the Economy Motor Lodge Hotel, near the corner of Tulane and Claiborne Avenues. At approximately 5:30 p.m., the two officers were sent to the motel to respond to a disturbance of the peace call. The officers were met by Mr. Dhilly and Mr. Siharath at the front of the motel. Officer Robertson got the impression that the two men were roommates. In the course of his investigation, Officer Robertson learned that the two men were involved in an altercation over who used the last of some crystal methamphetamine. Mr. Dhilly was upset because there was no more crystal methamphetamine. Mr. Siharath produced a Ziploc bag from his wallet and gave it to Officer Robertson. Mr. Dhilly admitted that Mr. Siharath and he had used crystal methamphetamine some two hours earlier.
Officer Robertson acknowledged that his testimony in an earlier hearing differed from his trial testimony that it was Mr. Siharath who handed him crystal methamphetamine. He previously testified that it was Mr. Dhilly who handed him the contraband. Officer Robertson explained that he made the mistake because both Mr. Dhilly and Mr. Siharath looked alikeboth are white males with slim builds and overall similar physical traits or "descriptive." The police report confirmed this conclusion, showing that both men are 6'1", both men have brown eyes, and both men are thin (Mr. Dhilly weighs 180 pounds, and Mr. Siharath weights 185 pounds). However, Mr. Dhilly has straight short hair, and Mr. Siharath is "basically bald."
Officer Robertson also acknowledged that his trial testimony regarding how many objects he was given was inconsistent with his testimony at the earlier hearing. At trial, he testified that "[m]y original testimony was that I was handed two objects by both individuals, when in fact it was only one." Officer Robertson stated that the Ziploc bag handed to him was red and contained a "crystal like substance" that he knew from previous experience to be crystal methamphetamine. On cross-examination, Officer Robertson testified that no crystal methamphetamine other than the matter contained in the bag handed to him was discovered in Mr. Dhilly and Mr. Siharath's motel room. However, defense counsel requested Officer Robertson read the following from the police report: "The officer observed a bag on a dresser in the room containing a crystal like substance." Officer Robertson explained the discrepancy by pointing out that two years had passed between the arrest and trial.
The parties stipulated that the contents of the bag were methamphetamine.

ERRORS PATENT
A review of the record shows that Mr. Dhilly was not present at arraignment and pleading. La. C.Cr.P. art. 555 provides that a failure to arraign the defendant or the fact that he did not plead is waived if the defendant enters upon trial without objecting thereto, and it shall be considered as if the defendant had pleaded not guilty. Because the record shows that no objection was made by Mr. Dhilly to his not being arraigned or entering a plea when he went to trial, he is considered to have pleaded not guilty. There are no other errors patent.

DISCUSSION

Assignment of Error Number One
Mr. Dhilly argues that the evidence in the record is insufficient to support his conviction. He contends that his conviction could only stand on his confession that Mr. Siharath and he had smoked methamphetamine some two hours before the officers' arrival and that this confession is uncorroborated by the evidence. The State counters that the evidence in the record could support a conviction of the charged offense of possession of methamphetamine and that the responsive verdict of attempted possession should stand because Mr. Dhilly never objected to the responsive verdict. The State also argues that Mr. Dhilly's confession is corroborated by the State's introduction of the crystal methamphetamine produced by Mr. Dhilly's "cohort, Jimmy Siharath." The State argues that this physical evidence proves the corpus delicti, which Mr. Dhilly connected to himself through his confession to having smoked crystal methamphetamine.
The standard for reviewing a sufficiency of the evidence claim is well settled; to-wit:
When reviewing the sufficiency of the evidence to support a conviction, Louisiana appellate courts are controlled by the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under this standard, the appellate court "must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt." State v, Neal, 00-0674 (La. 6/29/01), 796 So.2d 676, 678 (citing State v. Captville, 448 So.2d 676, 678 (La. 1984)).
State v. Brown, XXXX-XXXX, p. 22 (La. 4/12/05), 907 So.2d 1,18; see also State v. Sykes, XXXX-XXXX (La. App. 4 Cir. 3/9/05), 900 So.2d 156.
A defendant cannot be legally convicted on his own uncorroborated confession without proof that a crime has been committed by someone, in other words, without proof of the corpus delicti. State v. Fisher, 96-04 (La. 4 Cir. 4/2/97), 692 So.2d 713, 721. Once the corpus delicti has been independently established, a confession alone may be used to identify the defendant as the perpetrator of the crime. Id.
To support a conviction for possession of a controlled dangerous substance in violation of R.S. 40:967, the State must prove that the defendant was 1) in possession of the illegal drug and 2) that he knowingly possessed the drug. State v. Chambers, 563 So.2d 579, 580 (La. App. 4 Cir. 1990). The State need not prove that the defendant was in actual physical possession of the drug found; constructive possession is sufficient to support a conviction. State v. Trahan, 425 So.2d 1222 (La. 1983). To prove attempt, the State must show that the defendant committed an act tending directly toward the accomplishment of his intent, possession of the drug. See La. R.S. 14:27.
In this case, Officer Robertson testified that Mr. Dhilly and Mr. Siharath were fighting over crystal methamphetamine. His testimony is corroborated by the introduction at trial of the Ziploc bag produced by Mr. Siharath containing the same substance. This bag of crystal methamphetamine also corroborates Mr. Dhilly's admission that he and Mr. Siharath had consumed crystal methamphetamine. Viewing this evidence in a light most favorable to the State, we conclude that the record contains sufficient evidence to support the jury's finding of attempted possession of crystal methamphetamine. This assignment of error lacks merit.

Assignment of Error Number Two
In his second assignment of error, Mr. Dhilly argues that the trial court erred in instructing the jury that he could be found guilty of possession if they found that he ingested methamphetamine. In support, Mr. Dhilly contends that there was no evidence supporting his confession that he ingested the drug and that the State misled the defense into believing that Mr. Dhilly was being prosecuted for possessing the contraband seized and introduced at trial.
In analyzing an objection to a jury charge, an appellate court must consider the charge as a whole and consider the particular expressions in context. State v. Dardar, 353 So.2d 713, 715 (La. 1977). An appellate court will not disturb a trial judge's ruling unless the disputed portion of the jury charge, when viewed in light of the entire instruction, is erroneous and prejudicial. Id.; see State v. Motton, 395 So.2d 1337, 1348 (La. 1981)(denying relief when no prejudice resulting from an erroneous jury instruction.).
La. C.Cr.P. Art. 802 provides:
The court shall charge the jury:
(1) As to the law applicable to the case;
(2) That the jury is the judge of the law and of the facts on the question of guilt or innocence, but that it has the duty to accept the law as given by the court; and
(3) That the jury alone shall determine the weight and credibility of the evidence.
The law applicable to this case is La. R.S. 40:967(C), which provides that "[i]t is unlawful for any person to knowingly or intentionally possess a controlled dangerous substance." In instructing the jury, the trial court stated the following needed to be shown to return a verdict of guilty of possession:
It's up to you to decide if the State has proven that at any time on that date, he did possess methamphetamine. Whether it be methamphetamine that he did ingest or use or that it was methamphetamine that he possessed and had not yet used, or possessed whether or not he was to use it or not.
Insofar as the responsive verdict of attempted possession of methamphetamine, the trial court instructed the jury as follows:
Please be advised that in connection with this matter, an attempt to possess methamphetamine would involve a situation where a person actively desired, they really wanted to come into possession of methamphetamine, and with that state of mind, they did or failed to do something, tending directly toward the accomplishment of that desired goal.
During trial, Mr. Dhilly's counsel objected to the following instruction: "the Jury ... may ... find that [Mr. Dhilly] possessed methamphetamine, if they find beyond a reasonable doubt that he did ingest it during the course of this particular date," September 6, 2004. Rejecting this objection, the trial court noted that "[t]he Jury is to consider the totality of the circumstances."
Mr. Dhilly presents no support for his contention that evidence of ingestion of a narcotic cannot be used as a basis for finding possession of the narcotic. Even assuming arguendo that the instruction was erroneous, Mr. Dhilly suffered no prejudice. The jury found him guilty of attempted possession of methamphetamine. Mr. Dhilly makes no challenge to the trial court's instruction on attempted possession. Nor does he suggest how the instruction on actual possession may have affected the attempted possession verdict. In his confession, Mr. Dhilly never qualified that his will had been vitiated in consuming the methamphetamine. Moreover, Mr. Dhilly's confession evidences that he knowingly possessed the methamphetamine. The trial judge thus did not issue any jury instruction that prejudiced Mr. Dhilly. This assignment of error lacks merit.

Assignment of Error Number Three
In his final assignment of error, Mr. Dhilly requests an order mandating that the trial court correct the December 7, 2006 and August 15, 2007 minute entries to reflect that he was found guilty of attempted possession of methamphetamine. This corrective action, however, already has been taken in the form of an amended minute entry entered on August 15, 2007. The issue raised by this assignment of error is therefore moot.

DECREE
For the reasons stated above, the defendant's conviction and sentence are affirmed.
AFFIRMED