372 So.2d 1209 (1979)
STATE of Louisiana
v.
Raymond C. WEBB.
No. 63,826.
Supreme Court of Louisiana.
June 25, 1979.
Michael W. McKay, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., William R. Weatherford, Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Raymond C. Webb was charged by bill of information with simple burglary, a violation of R.S. 14:62. After a jury trial he was found guilty of attempted simple burglary and was sentenced to three years at hard labor. That sentence was suspended and defendant was ordered to serve six months in parish jail and was placed on active probation for three years. Defendant now appeals his conviction and sentence relying on two assignments of error.
The testimony presented at trial established that defendant and his girlfriend drove just before dusk to a group of buildings on Millerville Road in Baton Rouge *1210 which had been vacant for about three years. The buildings were in disrepair; many of the windows were broken and the yard surrounding the buildings was overgrown. Defendant who entered the premises through an unlocked gate, went into one of the buildings, and once inside, began removing the fluorescent light fixtures from the ceiling. When the owner of the building interrupted defendant with his shouts, defendant ran from the building, jumped into the car, and drove off.
At trial defendant did not dispute the state's account of the events leading to his arrest. Defense counsel in his opening statement conceded that defendant entered the building intending to remove the light fixtures, and defendant himself testified that he was removing the fixtures when discovered by the owner of the property. The only defense presented was that when defendant entered the building he believed that it had been abandoned and that there was no objection on the part of anyone to his taking whatever salvageable materials he could find. Defense counsel argued that because of this belief, defendant lacked the requisite criminal intent to commit the crime charged.
To support this defense, defendant testified that when he was near the buildings on a previous occasion, he saw a group of people leaving the premises, one of whom stopped to talk to him. When defendant attempted to testify that the unidentified man had told him that the building was soon to be demolished and that the owner had no objection to anyone taking whatever he wanted,[1] the prosecutor objected that any testimony relating the substance of this conversation would be inadmissible as hearsay. Despite defense counsel's insistence that the testimony was not offered for the truth of the matter asserted therein (that the owner had given permission) but only to show that the statement had been made to defendant and that he thus had no criminal intent when he entered the building, the trial court sustained the objection and excluded the testimony. The question of whether the trial court erroneously excluded defendant's proffered testimony is the only issue on this appeal.[2]
In State v. Martin, 356 So.2d 1370 (La. 1978), we set forth the following definition of hearsay quoting McCormick's treatise on evidence:
"Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter." McCormick, Evidence, § 246 (Cleary ed. 1972). Had defendant's testimony been offered to prove that the owner of the property had in fact given permission for materials to be removed from the property defendant's testimony would properly have been excluded as hearsay, that is, as an out-of-court assertion offered to show the truth of the matters asserted therein. However, in this case, defense counsel made it clear to the court that the testimony was being offered to show defendant's state of mind when he entered the building and his consequent lack of criminal intent.
Considered in that light the proffered testimony was not hearsay. In a prosecution for simple burglary, the state is required to prove as an, essential element of the crime that the defendant entered the premises with the specific intent to commit a felony or theft therein. R.S. 14:62; State v. Anderson, 343 So.2d 135 (La.1977); State v. Dadar, 353 So.2d 713 (La.1977). Defendant *1211 was entitled to present testimony showing that he lacked the requisite criminal intent. Relying upon the representations made in the conversation, defendant may have reasonably believed that the buildings were abandoned and that the owner had given permission for materials to be removed. The jury, as the trier of fact, should have been allowed to hear defendant's testimony and to decide whether he was credible and had in fact relied upon the conversation.
We recently reversed a conviction on the basis of a similar evidentiary ruling. In State v. Ford, 368 So.2d 1074 (La.1979), the defendant was charged with aggravated battery. In support of a claim of self-defense, he attempted to testify that the victim had told a mutual friend that he, the victim, would kill the defendant for stealing money from him. The defendant was prepared to testify that the mutual friend had relayed the threat; the friend was not in court to testify. Upon objection by the prosecution, the testimony was excluded as hearsay. On appeal, this Court reversed the conviction, noting that if the defendant's testimony had been offered to prove the reality of the threat, such testimony would have been hearsay. However, the defendant's testimony was independently admissible to show a rational basis for defendant's fear of harm at the hands of the victim, i. e., that defendant had been told of the victim's threat. In that perspective, it mattered little whether or not the victim had ever made the threats. What mattered was that defendant thought the threats had been made.
In the case at hand, the question of whether the owner in fact had given permission for materials to be taken from the property was not the issue. What mattered was whether the defendant when he entered the property believed that the owner had. In erroneously excluding this testimony, the trial court deprived defendant of his only defense. Therefore defendant's conviction and sentence must be reversed.

Decree
For the foregoing reasons the conviction and sentence of Raymond C. Webb are reversed and the case remanded to the district court for re-trial or such other action as is deemed appropriate.
REVERSED; REMANDED.
SUMMERS, C. J., dissents.
NOTES
[1] Because the prosecutor's objection to his testimony was sustained, defendant was unable to relate the substance of his conversation with the unidentified man. However, defense counsel in his opening statement charted this course for defendant's testimony and asserts in brief that had defendant been allowed to continue, this would have been the substance of his statement.
[2] Both of defendant's assignments of error relate to the exclusion of this testimony. In his first assignment defendant contends that the trial court erred in excluding the testimony and in his second that it erred in not granting a new trial because of that ruling.