517 So.2d 485 (1987)
STATE of Louisiana
v.
Robert M. LAPWORTH.
No. KA 87 0650.
Court of Appeal of Louisiana, First Circuit.
December 22, 1987.
James R. McClelland, Ass't. Dist. Atty., Franklin, for appellee.
Charles B. Schmitz, Baton Rouge, for appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
Robert Lapworth was charged by a bill of information with the possession of cocaine, in violation of La.R.S. 40:964 and 40:967(C). He was tried by a jury, which *486 convicted him as charged; and, after stipulating to the provisions of a bill of information charging him as a multiple offender, defendant was sentenced to serve ten years at hard labor. This appeal followed.

FACTS
Robert Lapworth was arrested after a search of the automobile in which he was riding revealed a packet containing a white powder beneath the passenger seat. The contents of this package, as well as a smaller bag found in Lapworth's wallet after his arrest, were analyzed and found to contain cocaine.
Detective Carl Ratcliff, a detective on uniform patrol, testified that Detective Lawrence Bourg requested him to locate and stop a two-tone silver Mercury Cougar with a specified license plate number. Detective Ratcliff testified that he stopped the car in Morgan City, asked the occupants to get out of the vehicle, and briefly searched them for weapons. He was joined immediately by Detective Bourg, who also called Detective Bobby Froreich, a dog handler, and requested the use of his trained dog, Prince. After securing the permission of Charles Norton, the owner and driver of the car, Detective Froreich instructed Prince to search the vehicle. The dog's responses indicated that one of the substances it had been trained to reveal was present on the door handle of the passenger compartment and beneath the front passenger seat near the center of the car. Detective Froreich testified that, after receiving these indications, he reached under the seat to investigate further. After Froreich retrieved a clear plastic bag containing a white powder, he arrested Lapworth. Thereafter, Prince was instructed to inspect the trunk of the car. The dog did not indicate the presence of contraband anywhere else in the car.
After Lapworth had been arrested, Detective Froreich requested that he and Norton place their wallets, keys and other personal belongings on the ground near the car and ordered Prince to inspect them. Prince indicated Lapworth's wallet also contained the scent of some type of contraband. Lapworth and Norton were then taken to the St. Mary Parish Sheriff's Office. After making a statement in which he claimed he had merely given Lapworth a ride into the city, Norton was apparently permitted to leave. Lapworth's wallet was searched at the station and another package of cocaine was found inside.

ADMISSIBILITY OF STATEMENTS OF CONFIDENTIAL INFORMANT

(Assignments of Error Numbers 1 and 2)[1]
Defendant submits that the trial court erred by permitting the state to introduce the contents of the two conversations between Detective Bourg and the confidential informant. At trial, defendant objected to this testimony on the ground that it was inadmissible hearsay. The trial court overruled his objection, finding that defendant had "opened the door" by initiating a line of questions exploring the reason why Detective Ratcliff stopped Norton's car.
On direct examination, Detective Bourg testified only that he participated in an investigation of Norton's car. Thereafter, on cross-examination, defendant asked Bourg how long he and Detective Ratcliff had followed the car, and Detective Bourg responded that they followed the car for approximately ten minutes. Defendant then inquired whether or not Norton had *487 violated a traffic regulation, and Bourg testified that he had not.
On redirect examination, the state asked Detective Bourg why he instructed Detective Ratcliff to stop the car. Detective Bourg stated that he had received information that there were narcotics concealed in the car. When Detective Bourg was asked about the information he received, defendant objected that the contents of the telephone call were hearsay. The court overruled his objection, and Detective Bourg testified that he received a call from a person who claimed that he had been recently inside a house and had seen a large quantity of cocaine in the house. The individual agreed to return to the house and meet Detective Bourg to provide current information. Shortly thereafter, Detective Bourg and the informant met. Over defendant's objection, Detective Bourg was permitted to testify that the informant told him defendant had purchased a quantity of cocaine and was leaving the house in a two-tone silver Mercury Cougar as a passenger. The informant also provided the license plate number of the car.
Defendant argues that the informant's statements consisted of hearsay testimony, the admission of which was extremely prejudicial because it was the only evidence connecting him to the cocaine beneath the seat. Citing State v. Banks, 439 So.2d 407 (La.1983), defendant claims that the admission of the statements constitutes reversible error.
Hearsay evidence is evidence of an unsworn, out-of-court statement made by a person other than a testifying witness and offered as proof of the truth of the statement's content. State v. Valentine, 464 So.2d 1091 (La.App. 1st Cir.), writ denied, 468 So.2d 572 (La.1985). If such a statement is offered for any other purpose, such as proof only that the statement was made, then the evidence is not hearsay. Id. A witness is generally competent to testify that a statement was made to him so long as no attempt is made to vouch for the credibility of its contents. State v. Watson, 449 So.2d 1321 (La.1984).
At a hearing out of the presence of the jury, the state argued that the testimony was offered to establish the basis for the stop of Norton's car. The trial court admitted the evidence for that purpose. Evidence explaining the officer's presence on the scene and the sequence of events leading to the defendant's arrest is a recognized legitimate use of third party testimony. See State v. Watson; State v. Turner, 392 So.2d 436 (La.1980); State v. Tucker, 354 So.2d 521 (La.1978); State v. Lard, 459 So.2d 1189 (La.App. 4th Cir.1984), writ denied, 464 So.2d 1376 (La.1985). This testimony was not hearsay because it was expressly offered and accepted for a nonassertive purpose to rebut the defendant's questions on cross-examination of Detective Bourg.[2] Evidence of the officers' motivation *488 for stopping the car became relevant through defendant's cross-examination of Detective Bourg. See State v. Overton, 337 So.2d 1201 (La.1976).
We conclude, therefore, that the introduction of the informant's statements, through the testimony of Detective Bourg, did not constitute reversible error. The testimony was not offered for the truth of the assertions contained within and, thus, did not constitute hearsay evidence.
These assignments of error have no merit.

PATENT ERROR
This court has discovered error patent on the face of the proceedings which requires it to remand this matter for resentencing. La.C.Cr.P. art. 920. A bill of information charging defendant as a multiple offender was filed after the jury convicted him of possession of cocaine. The bill of information charged that defendant pled guilty to "Delivery of P.C.B.", a felony, on June 27, 1978, in a proceeding entitled "People of the State of Michigan v. Robert Lapworth"; and that he entered a plea of nolo contendere to a charge of distribution of marijuana on January 13, 1984, in a proceeding entitled "State of Louisiana v. Robert Michael Lapworth."
La.R.S. 15:529.1(D) provides that, upon the filing of a multiple offender bill of information, the trial court shall cause the defendant to be brought before it and "shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true." State v. Martin, 427 So.2d 1182 (La.1983). La.R.S. 15:529.1 further implicitly provides that the defendant should be advised by the court of his right to remain silent. State v. Johnson, 432 So.2d 815 (La.1983).
The record reflects that on the date of the multiple offender hearing defense counsel advised the court that defendant had inspected the documentation furnished by the state and wished to admit that he was the same person who had been convicted on two previous charges. The trial court asked defendant if he understood the events that were taking place, and defendant responded that he did. The court then permitted defendant to make a short statement regarding his criminal history and drug dependency. Thereafter, the court vacated the sentence that had been previously imposed and sentenced defendant as a third felony offender.
The trial court did not inform defendant of the specific allegations contained in the multiple offender bill of information, his right to be tried as to the truth of the allegations and his right to remain silent. These failures of the trial court constitute error patent on the face of the record and require the habitual offender sentence to be vacated. State v. Burge, 506 So.2d 759 (La.App. 1st Cir.1987); State v. Jones, 504 So.2d 920 (La.App. 1st Cir.1987).

DECREE
For the foregoing reasons, the conviction is affirmed, the sentence is vacated and this case is remanded to the trial court for resentencing in accordance with law.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.
NOTES
[1] Assignments of error one and two were briefed together. Defendant's argument concerning his third assignment of error, that the verdict is contrary to the law and evidence, consists only of a restatement of the issue and was not argued. Therefore, this assignment of error is considered abandoned. Uniform Rules Courts of Appeal, Rule 2-12.4. In a supplemental brief, defendant argued an additional assignment of error, relating to the denial of his motion to suppress the evidence. This issue was not raised by a formal assignment of error first presented to the trial court, nor does it constitute patent error. In accord with the well-established jurisprudence of the Louisiana Supreme Court under the provisions of La.C.Cr.P. arts. 844 and 920, this court will not consider arguments which are neither assigned as error nor related to errors patent on the face of the record. See State v. Wientjes, 341 So.2d 390 (La.1976); State v. Overton, 337 So.2d 1201 (La. 1976).
[2] Faced with cases in which third party statements were admitted into evidence, Louisiana courts have reached varying results. In several of the cases wherein the reviewing court found that the evidence was not hearsay, the critical inquiry seems to be whether or not the party attempting to introduce the evidence justifies its introduction through a specifically delineated purpose. See State v. Webb, 372 So.2d 1209 (La.1979) and State v. Ford, 368 So.2d 1074 (La.1979), wherein the court specifically relied upon the defendant's assertions during trial that the evidence was offered for a nonhearsay purpose. See also State v. Cody, 446 So.2d 1278 (La.App. 2nd Cir.1984), wherein the court noted that the trial court expressly accepted that the purpose of the testimony was to show the mental state of the witness or the impression upon him rather than the truthfulness of the matter asserted; and State v. Burns, 504 So.2d 124 (La.App. 2nd Cir.), writ denied, 505 So.2d 1142 (La.1987), wherein the court noted that the state had offered testimony under the state of mind exception to the hearsay rule but found that the contested evidence was actually nonhearsay testimony explaining the sequence of events leading up to the defendant's arrest. Moreover, on occasions where no other purpose for the introduction of the evidence is obvious, the reviewing courts have simply assumed that the testimony was introduced for nonhearsay purposes. See State v. Molinario, 383 So.2d 345 (La.1980); State v. Williams, 341 So.2d 370 (La.1976); State v. Roche, 341 So.2d 348 (La.1976). However, other rulings have made it clear that testimony which can be taken only as evidence of the truth of its contents (and not, apparently, even offered for any other purpose) or third-party evidence relevant only as proof that defendant is guilty of the crime for which he is on trial constitutes prejudicial hearsay evidence. See State v. Thompson, 331 So.2d 848 (La.1976); State v. Murphy, 309 So.2d 134 (La.1975). Herein, the state offered a legitimate reason for the introduction of the testimony. This court cannot presume that the evidence was offered for an ulterior purpose.