536 So.2d 459 (1988)
STATE of Louisiana
v.
Danny PARKER.
No. KA 88 0479.
Court of Appeal of Louisiana, First Circuit.
November 22, 1988.
*460 John J. Williams, Asst. Dist. Atty., Covington, and William R. Campbell, New Orleans, for State.
James H. Looney, Public Defenders Office, Covington, for defense.
Before COVINGTON, C.J., and LOTTINGER and FOIL, JJ.
LOTTINGER, Judge.
Danny Parker was charged by grand jury indictment with distribution of cocaine, a violation of La.R.S. 40:967(A).[1] Defendant pled not guilty. Following trial by jury, defendant was convicted as charged. The trial court sentenced Parker to a fifteen year term of imprisonment at hard labor.
*461 Defendant brings this appeal, urging seven assignments of error:
1. The trial court erred by admitting evidence which had not been properly identified.
2. The trial court erred by permitting hearsay evidence.
3. The trial court erred by curtailing cross-examination concerning the confidential informant.
4. The trial court erred by permitting the prosecutor to improperly call the jury's attention to defendant's failure to testify.
5. There was insufficient evidence to sustain the conviction.
6. The court imposed an excessive sentence.
7. Due to patent error, the conviction and/or sentence should be reversed.
Assignment of error number one was expressly abandoned in brief.

FACTS
Defendant was arrested as part of an undercover narcotics operation conducted in St. Tammany Parish over a several month period. Officer Richard Cochrane of the New Orleans Police Department operated as an undercover agent whose role was to purchase controlled dangerous substances whenever available.
On the evening of November 7, 1986, Cochrane visited a Mandeville residence where he met Paula Barrett and Mario Messina. The visit was arranged by a confidential informant who accompanied Cochrane. Cochrane testified that, following introductions, Messina and Barrett asked Cochrane if he "did coke." After Cochrane responded affirmatively, Messina offered to sell Cochrane some high quality cocaine at a cost of one hundred dollars per gram. In furtherance of the purchase, Cochrane drove Messina, Barrett, and the confidential informant to a LaCombe, Louisiana, convenience store to meet Messina's cocaine supplier.
Defendant was standing in the convenience store parking lot when the Cochrane automobile arrived. After indicating that he would make arrangements for the cocaine purchase, Messina exited Cochrane's automobile and walked over to converse with defendant. Messina returned a short time later, advising that defendant would get the cocaine. Cochrane then accompanied Messina to talk with defendant. Defendant told Cochrane: "I can get the coke you need." After being assured that the cocaine quality was good, Cochrane gave defendant one hundred dollars for the purchase. Messina and defendant then left in an automobile with a third man. The three men came back about fifteen minutes later. Messina returned to Cochrane's vehicle and gave Cochrane a packet containing a white powder, later identified as cocaine by Louisiana State Police Crime Laboratory personnel.
Cochrane's description of the incident was corroborated by St. Tammany Parish Sheriff's Officer Mike Hargroder, who supervised the undercover operation and conducted surveillance of this transaction. In addition, Yancey Ducre testified for the defense. Ducre acknowledged that he drove defendant and Messina to a bar so Messina could buy some cocaine. Ducre testified that Messina entered the bar alone and that he and defendant did not see any cocaine in Messina's possession when Messina returned to Ducre's automobile.

ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant contends that the trial court erred by allowing Officer Cochrane to testify concerning statements made by Mario Messina and Paula Barrett over the objection of the defense. The record reveals that defendant offered a continuing objection, on the basis of hearsay, to Officer Cochrane's description of his encounter with Mario Messina, Paula Barrett, and defendant. In particular, Cochrane testified that both Messina and Barrett spontaneously told him that they could procure cocaine. They then immediately accompanied Cochrane to a convenience store parking lot, assertedly to meet their supplier.
In Louisiana, the res gestae doctrine is broad and includes not only spontaneous *462 utterances and declarations made before or after the commission of the crime, but also testimony of witnesses and police officers pertaining to what they heard or observed before, during, or after the commission of the crime, if a continuous chain of events is evident under the circumstances. La.R.S. 15:447, 15:448; State v. Howard, 517 So.2d 266, 270 (La.App. 1st Cir.1987).
The continuous chain of events is evident under the circumstances presented herein. Mario Messina and Paula Barrett were both participants in and witnesses to this successful distribution of cocaine. Their comments, as part of the chain of events leading up to the purchase of cocaine, constituted part of the res gestae. Moreover, evidence explaining an officer's presence on the scene and the sequence of events demonstrating conduct justifying a defendant's arrest is a recognized legitimate use of third party testimony. See State v. Lapworth, 517 So.2d 485, 487 (La. App. 1st Cir.1987).
Accordingly, this assignment of error is meritless.

ASSIGNMENT OF ERROR NO. 3
By this assignment of error, defendant urges that the trial court erred by curtailing cross-examination of Officer Cochrane concerning the confidential informant. In the instant case, Cochrane testified during the case in chief that the confidential informant's role in this case was limited to introducing Cochrane to Mario Messina and Paula Barrett. During cross-examination, defendant further explored the confidential informant's role. Defendant was allowed to ask about the inception of the confidential informant's relationship with the law enforcement agency and about the character of that relationship.
It is clear from Cochrane's responses that he was unaware of how or why the confidential informant, an individual apparently working with Agent Mike Hargroder, had developed a relationship with the St. Tammany Parish Sheriff's Office. When pressed further about the confidential informant's background, the state objected; and the trial court sustained the objection. That limitation of cross-examination, in the face of the witness' previous response, was not an abuse of discretion.
The instant case is distinguishable from State v. Senegal, 316 So.2d 124 (La.1975), relied on by defendant in brief. In Senegal, the Louisiana Supreme Court found reversible error in a trial court's restriction of the cross-examination of a state witness. In that case, the defendant was attempting to develop the defense of entrapment and had asked the chief prosecution witness, a police officer, to explain what an informer was and what the one involved in that case had done. The trial court restricted this attempt at cross-examination, agreeing with the state that it was immaterial and irrelevant. In the instant case, defendant was not denied the right of confrontation and effective cross-examination, as he was able to question the witness fully on what had transpired with regard to this drug distribution. The trial court limited cross-examination only when it became repetitious and of little probative value but did not, as defendant suggests, prevent exploration of a possible entrapment defense. See State v. Garrison, 400 So.2d 874, 880 (La.1981).
For the foregoing reasons, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 4
By this assignment of error, defendant argues that, during closing argument, the state made an indirect reference to defendant's failure to testify at trial, constituting reversible error.
Upon motion by a defendant, a mistrial may be ordered when the state refers to a defendant's failure to testify in his own behalf. La.Code Crim.P. art. 770(3). In the instant case, defendant admits that he failed to make an objection or move for a mistrial either during or after the state's closing argument. The absence of a timely motion for mistrial constitutes a waiver of the alleged error. State v. Hilburn, 512 So.2d 497, 505 (La.App. 1st Cir.), writ denied, 515 So.2d 444 (La.1987).
*463 Thus, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 5
By this assignment of error, defendant contends that the evidence presented at trial was insufficient to support a verdict of guilty. Defendant asserts that the cocaine in question actually belonged to Mario Messina and that the state failed to prove that defendant personally distributed contraband.
A defendant is guilty of the charged crime if he knowingly or intentionally distributes cocaine. La.R.S. 40:967(A). Only general criminal intent is required. See State v. Banks, 307 So.2d 594, 596 (La. 1975). Such intent is established by mere proof of voluntary distribution. State v. Williams, 352 So.2d 1295, 1296 (La.1977).
The term "distribute" is defined in La.R. S. 40:961(13) as meaning:
"Distribute" means to deliver a controlled dangerous substance whether by physical delivery, administering, subterfuge, furnishing a prescription, or by filling, packaging, labeling or compounding the substance pursuant to the lawful order of a practitioner. "Distributor" means a person who delivers a controlled dangerous substance as herein defined.
The term "deliver" is defined in La.R.S. 40:961(9) as "... the transfer of a controlled dangerous substance whether or not there exists an agency relationship." In addition, the case law has defined "deliver" as transferring possession or control. State v. Martin, 310 So.2d 544, 546 (La. 1975).
Transfer of possession or control, i.e., distribution, is not limited to an actual physical transfer between the culpable parties. State v. Gentry, 462 So.2d 624, 627 (La.1985). Rather, distribution may be accomplished by the imposition of a third party.
A defendant may be guilty as a principal in the crime of distribution if he aids and abets in the distribution or directly or indirectly counsels or procures another to distribute a controlled dangerous substance. La.R.S. 14:24; 40:967; State v. Hutchins, 502 So.2d 606, 608 (La.App. 3rd Cir.1987).
In the instant case, undercover officer Cochran met with defendant, who told the officer he would supply him with good quality cocaine for an agreed price. Cochrane testified that he gave defendant one hundred dollars for the cocaine. A short time later, defendant returned with Messina who physically handed the cocaine to Cochrane. The evidence, viewed in the light most favorable to the state, was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant aided and abetted in the commission of the crime of distribution of cocaine.
Accordingly, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 6
Defendant contends that the sentence imposed is excessive.
Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. State v. Blankenship, 496 So. 2d 636, 637 (La.App. 1st Cir.1986). A sentence is considered grossly disproportionate if one's sense of justice is shocked when comparing the punishment in light of the harm done to society. Blankenship, 496 So.2d at 637.
Absent manifest abuse of discretion by the trial court, a sentence should not be set aside as excessive. State v. Lanclos, 419 So.2d 475, 478 (La.1982). Defendant's sentence is in the middle range of possible sentences and does not appear grossly disproportionate to the offense committed.
In imposing sentence, the trial court took particular note of the fact that defendant is a second felony offender and that defendant was previously afforded the benefit of supervised probation. Given defendant's criminal history and the likelihood of its recurrence, the trial court opined that correctional treatment in a confined environment was the only appropriate punishment.
*464 We cannot say that the sentence imposed is excessive under these circumstances. The record in this case demonstrates that the trial court considered all relevant factors under La.Code Crim.P. art. 894.1 in reaching its sentencing decision. We find no manifest abuse of discretion in the factors considered or in the weight given to those factors.
Thus, this assignment of error is meritless.

ASSIGNMENT OF ERROR NO. 7
By this assignment of error, defendant requests a patent error review of the appellate record. This Court automatically reviews the record for patent errors; an assignment of error is unnecessary. See La. Code Crim.P. art. 920. Finding no patent errors, this assignment of error is meritless.
Therefore the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Mario Messina and Paula Barrett were charged jointly by the same indictment.