JjBYRNES, Judge.
A jury found tbe defendant,. Charles A Milton, guilty as charged with, distribution of cocaine, a violation of La. R.S. 40:967. On April 1, 1999, defendant was sentenced to fifteen years at hard labor, with the first five years being without the benefit of parole, probation or suspension of sentence, and with credit for time served. The State filed a habitual offender bill of information; defendant admitted that he was the same person as , previously convicted; and the trial court adjudicated him a second-felony habitual offender. The trial court vacated the original sentence, and resentenced defendant to the same sentence previously imposed. The trial court denied defendant’s motion to reconsider sentence, and granted his oral motion for appeal.

FACTS

New Orleans Police Officer Eugene Landry testified that on October 13, 1998, while operating undercover, he pulled his vehicle over on Chef Menteur Highway and asked a female, Katie Hernandez,[1] where he could purchase cocaine. She and her husband got into Officer Landry’s vehicle, and Mrs. Hernandez directed him to a convenience store at the corner of Chef Menteur | ¡Highway and Michoud Boulevard. Officer Landry gave Mrs. Hernandez a twenty-dollar bill, and watched as she walked up to defendant and engaged in a hand-to-hand transaction with him approximately fifteen feet from the officer. Mrs. Hernandez returned and handed Officer Landry two ten-dollar rocks of cocaine. Officer Landry testified that he had a microphone concealed on his person, and that other officers recorded the conversation between him and Mrs. Hernandez. That tape was played for the jury, the _ trial court overruling defendant’s hearsay objection to anything but Officer Landry’s conversation. Officer Landry testified on cross examination that when defendant was arrested he had the twenty-dollar bill in his pocket that he, Officer Landry, had given to Mrs. Hernandez.
New Orleans Police Officer Donald Polk testified that he observed Mr. and Mrs. Hernandez get into Officer Landry’s vehicle and drive to the convenience store. He saw Mrs. Hernandez exit Officer Landry’s vehicle and approach defendant, who exited the rear seat of a burgundy Ford Taurus. He saw Mrs. Hernandez give currency to defendant, who gave her the cocaine in return. Officer Polk also recorded the conversation inside Officer Landry’s vehicle.
New Orleans Police Officer Henry Laurent stopped the burgundy Ford Taurus after receiving word of the sale. Defendant was inside, along with several females. The twenty-dollar bill given to Mrs. Hernandez by Officer Landry, which had earlier been photocopied, was found in defendant’s possession, along with $162.00. Officer Laurent admitted on cross examination | sthat when arrested, defendant did not have any other drugs on his person, nor did any of the women in the vehicle with him.
It was stipulated that two pieces of crack cocaine were in fact cocaine.
Defendant testified that he was coming out of a convenience store when a woman asked him if he had change for a twenty-dollar bill. He gave her two ten-dollar bills, then got into a car and drove off, only to be stopped by police five or six blocks away and arrested. Defendant denied giving Mrs. Hernandez cocaine. He said three women and two children were in the vehicle with him that day. Defendant admitted to pleading guilty to possession of crack cocaine in May 1998.
Alvin Hernandez testified that Officer Landry and his wife were looking for crack cocaine that day. However, he said he and his wife exited the officer’s car, and she *1137 walked out of his view.. He did not see his wife talk to defendant.

ERRORS PATENT

A review of the record reveals no errors patent.[2]

ASSIGNMENT OF ERROR

By his sole assignment of error, defendant claims the trial court erred in permitting the audio tape to -be played to the jury. Defendant, asserts that all statements on the audio tape except those by Officer Landry are inadmissible | ¿hearsay pursuant to La. C.E. arts. 801(C) and 802, falling under none of the exceptions in La. C.E. art. 808 or 804.
During the taped conversation, a female, purportedly Mrs. Hernandez, asks a male, purportedly Officer Landry, what he wants. Officer Landry replies that he-wants a “ten” or a “twenty” [dollar] bag of cocaine, settling on a twenty-dollar bag. The third voice on the tape is purportedly Mr. Hernandez. Mrs. Hernandez agrees to accept five dollars for acquiring the cocaine for Officer Landry. Officer Landry drives around at the direction of Mrs. Hernandez. After stopping, Mrs. Hernandez apparently exits Officer Landry’s vehicle, and returns with cocaine. Officer Landry then pays Mrs. Hernandez five dollars, and refuses to share his cocaine with Mr. Hernandez. Mr. and Mrs. Hernandez subsequently exit the vehicle, and Officer Landry directs officers to stop the red car traveling on Chef Menteur Highway.,
La. C.E. art. 801(C) defines hearsay as “a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted.” A statement is defined in pertinent part by La. C.E. art. 801(A)(1) as an oral assertion. The . State offered the taped conversation for the truth of the matter asserted. However, the State counters that statements made by Mrs. Hernandez are not considered hearsay under La. C.E. art. 801(D)(3)(b), which provides:
(3) Relational and privity admissions. The statement is offered against a party, and the statement is:
[[Image here]]
(b) A statement by a declarant while participating in a conspiracy to commit a crime or civil wrong and in furtherance of | sthe objective of the conspiracy, provided that a prima facie case of conspiracy is established; ...
La. R.S. Í4:26(A) provides in pertinent part:
Criminal conspiracy is the agreement or combination of two or more persons for the specific purpose of committing any crime; provided that an agreement or combination to commit a crime shall not amount to a criminal conspiracy unless, in addition to such agreement or combination, one or more of such parties does an act in furtherance of the object of the agreement or combination.
For the statements of Mr. and Mrs. Hernandez to be admissible under La. C.E. art. 801(D)(3)(b), the State must have first presented a prima facie case of conspiracy, after which the burden of proof would shift to defendant to present evidence showing his withdrawal from the conspiracy prior to . the time the . statements were made by his co-conspirators. State v. Lavalais, 95-0320, p. 4 (La.11/25/96), 685 So.2d 1048, 1052, cert. denied, 522 U.S. 825, 118 S.Ct. 85, 139 L.Ed.2d 42 (1997); State v. Lobato, 603 So.2d 739, 746 (La.1992). Thus, the law *1138 contemplates that the defendant, against whom the evidence is sought be admitted, be party to the conspiracy.
The State argues that the statements by Mrs. Hernandez were made during a conspiracy between her and defendant to sell cocaine. However, there is no evidence that Mrs. Hernandez had entered into an agreement with defendant to buy or sell cocaine, at least prior to the time when Mrs. Hernandez actually made the transaction with defendant. There was no evidence that Mrs. Hernandez was a regular middlewoman in cocaine sales between defendant or others, nor evidence that defendant knew Mrs. Hernandez was purchasing the cocaine for anyone other than herself. The evidence establishes that defendant just happened to be at the convenience store when Officer Landry and the Hernandezes drove by. Therefore, it cannot be said that any conspiracy |fiinyoMng defendant existed prior to his sale of cocaine to Mrs. Hernandez. Accordingly, any statements made by the Hernandezes prior to defendant’s sale of the cocaine to Mrs. Hernandez were not admissible against defendant under La. C.E. art. 801(D)(3)(b). Further, once the transaction between defendant and Mrs. Hernandez was completed, any conspiracy by defendant to sell cocaine to Mrs. Hernandez was complete and at an end. Therefore, statements made by Mr. or Mrs. Hernandez to Officer Landry after the sale from defendant to Mrs. Hernandez also were not admissible against defendant under La. C.E. art. 801(D)(3)(b)’s conspiracy theory.
However, the statements were not hearsay pursuant to La. C.E. art. 801(D)(4), which provides:
Things said or done. The statements are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events, and which are necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction.
La. C.E. art. 801(D)(4) refers to evidence that has traditionally been referred to as the res gestae. State v. Castleberry, 98-1388 (La.4/13/99), 758 So.2d 749, cert. denied, — U.S. -, 120 S.Ct. 220, 145 L.Ed.2d 185 (1999). In Louisiana, the res gestae doctrine is broad. Id. In Castleber-ry, the issue was whether the defendant’s out-of-court inculpatory statements made during a thirteen-hour drive from' Houston, Texas, to Montgomery, Alabama, constituted hearsay. The statements related to the possibility of killing a hitchhiker, who had been picked up after the defendant had committed a homicide. The Louisiana Supreme Court stated:
' 17[T]he “hitchhiker incident” comprises one event in the “continuous transaction” that was the trip from Houston to Montgomery. These events, which included the stops at the casino and the [homicide] victim’s house as well as the hitchhiker incident, were temporally close, for the entire trip only took approximately thirteen hours. The events were also logically related, as they were all different incidents that occurred during the trip. Because the “hitchhiker incident” is part of this continuous transaction, it is part of the res gestae and is not hearsay.
The res gestae doctrine includes not only spontaneous utterances and declarations made before or after the commission of the crime, but also testimony of witnesses and police officers pertaining to what they heard or observed before, during or after the commission of the crime, if a continuous chain of events is evident under the' circumstances. State v. Parker, 536 So.2d 459, 461-462 (La.App. 1 Cir. 1988), writ denied 584 So.2d 670 (La.1991) The actions of the parties involved in Parker are remarkably similar to those of the instant case. In Parker, as in the instant case, the undercover officer drove with a man and a woman to a convenience store *1139 to purchase cocaine, where the man exited the vehicle and went up to the defendant. The undercover officer then approached the defendant and was informed by the defendant that the defendant would procure the cocaine. The man and the defendant then left in a car with a third man. The three returned about fifteen minutes later and the first man brought a packet of cocaine to the vehicle occupied by the undercover officer. The Parker court found no error in the trial court’s decision to allow the undercover officer to testify over the objections of the defendant that the man and the woman who drove with him to the convenience store had told him that they could procure cocaine because:
Their comments, as part of the chain of events leading up to the purchase of cocaine, constituted part of the res ges-tae. Moreover, evidence explaining an | officer’s presence on the scene and the sequence of events demonstrating conduct justifying a defendant’s arrest is a recognized legitimate use of third party testimony. See State v. Lapworth, 517 So.2d 485, 487 (La.App. 1st Cir.1987).
Id., 536 So.2d at 462.
The audiotaped statements of Mr. and Mrs. Hernandez, made to Officer Landry immediately before, during, and/or after defendant’s sale of cocaine to Mrs. Hernandez, were part of a continuous chain of events surrounding the purchase of cocaine from defendant by Mrs. Hernandez, and her .transfer of it to Officer Landry. Therefore, the taped statements were part of the res gestae, and not barred on hearsay grounds from introduction into evidence.
There is no merit to this assignment of error.
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.

CONVICTION AND SENTENCE AFFIRMED.

. Mrs. Hernandez and her husband were indicted with defendant. She was indicted under the name of Kathleen Kanost. However, during trial she was referred to by police witnesses as Katie Hernandez.

. While defense counsel asserts that the failure to advise defendant of his right to seek post conviction relief as set forth in La.C.Cr.P. art. 930.8(C) is an error patent, this court has held such failure to advise is not an error patent requiring action by this court. State v. Anderson, 99-1407, p. 6 (La.App. 4 Cir. 1/26/2000), 753 So.2d 321, citing State ex rel. Glover v. State, 93-2330, p. 21 (La.9/5/95), 660 So.2d 1189, 1201 (La.C.Cr.P. art. 930.8(C) “is merely a directive to the trial courts, the violation of which does not bestow an enforceable right in favor of an individual defendant.”).