MOORE, J.
 

 | ] Calvin Wilson Sr. appeals his conviction on one count of possession with intent to distribute a Schedule I controlled dangerous substance, marijuana. He contends that the district court erred in sustaining the state’s objection to, and excluding from evidence, his post-arrest statement that the marijuana was for his personal use. For the reasons expressed, we affirm the court’s ruling on the objection, the conviction and the second felony adjudication. However, because of various errors in Wilson’s sentencing for both this and another offense, we vacate the sentences and remand to the district court for resentencing.
 

 Factual Background
 

 On the afternoon of February 22, 2007, Caddo Parish deputies were conducting “drug corner checks,” riding unmarked cars by areas known for drug activity. Agent Walker drove to the corner of Bue-na Vista Street and Pierre Avenue, a vacant lot in the Allendale area known for drug trading and other illegal activity, and pulled to the curb. A man standing in the lot made eye contact with the agent, reached in his pocket, removed a small brown paper bag and dropped it to the ground. Agent Walker got out of his car, walked up to the man and asked him what he just dropped. Wilson replied, “I didn’t drop anything,” but Agent Walker picked it up and found that it contained suspected marijuana and cocaine. Agent Walker immediately placed him under arrest and read him his rights.
 

 According to Agent Walker’s arrest report, Wilson said, “Man, I just got off work and was on my way home to smoke that little bit of marijuana,” and denied that the cocaine belonged to him. Laboratory analysis confirmed |2that the material in the paper bag was 2.1 grams of marijuana and 1.1 grams of cocaine. Agent Walker testified that these were small amounts consistent with personal use, and he charged Wilson with simple possession of both substances.
 

 Procedural History
 

 The state initially billed Wilson with one count of possession of a Schedule I CDS, marijuana, and one count of possession of a Schedule II CDS, cocaine. However, at a preliminary examination in October 2008, Wilson testified that he did not smoke marijuana and had bought the marijuana earlier that day to give to his sister. The state promptly amended the bill of information to upgrade the first charge to possession with intent to distribute a Schedule I CDS, marijuana. Wilson later waived his right to jury trial.
 

 At a bench trial in January 2009, Agent Walker testified as outlined above. On cross-examination, defense counsel asked him about his arrest report in which Wilson stated that he was “going to use that [marijuana] for personal use at the time.” Agent Walker replied that he recalled their post-arrest conversation. Defense counsel then asked what Wilson said, but the prosecutor objected on grounds of hearsay, and the district court sustained the objection. This ruling is the subject of Wilson’s sole assignment of error.
 

 In addition to Agent Walker’s testimony, the state offered the crime lab report verifying that the substances in the bag dropped by Wilson were marijuana and
 
 *601
 
 cocaine, and a transcript of Wilson’s testimony at the [¡¡preliminary examination, with emphasis on his statement that he was bringing the marijuana to his sister. Another deputy, Agent Witham, testified that he provided backup to Agent Walker that day. Although he did not participate in arresting Wilson or seizing the drugs, he testified that the marijuana was a “nickel pouch” which sold for $5 to $10 and was a common size for distribution.
 

 Wilson did not testify in his defense, but he called two witnesses, Brown and Rivers, convicted felons who were standing by the corner when the arrest took place. Brown testified he did not see Wilson carrying any drugs that day, while Rivers admitted seeing Wilson toss a bag to the ground before one of the officers arrested him. Both witnesses were certain the officer said he was arresting Wilson for possession of marijuana, not cocaine.
 

 The district court found Agent Walker credible and accepted his account of the incident. The court dismissed the defense witnesses as convicted felons who were also too far away to see or hear what happened. The court expressly accepted Wilson’s admission at the preliminary examination that he intended to distribute the marijuana to his sister. The court found him guilty as charged on both counts. The court sentenced him to concurrent terms of six years at hard labor and a fine of $2,000 for the marijuana and three years at hard labor and a fine of $500 for the cocaine.
 

 The state later charged Wilson as a fourth felony offender for the possession with intent to distribute marijuana; Wilson ultimately agreed to plead guilty as a second felony offender. At the
 
 Boykin
 
 hearing on April 29, 42009, the court stated that pursuant to their agreement, the sentence would be the statutory minimum of 15 years at hard labor, but did not actually sentence him on that date. At a hearing two weeks later, on May 13, 2009, the prosecutor stated that the court had failed to sentence Wilson on the possession of cocaine. The court replied that it had, but for the sake of clarity it resentenced Wilson to concurrent terms of 15 years at hard labor for possession with intent to distribute marijuana, second felony offense, and 3 years at hard labor for possession of cocaine. Wilson was not present for this hearing.
 

 Discussion
 

 By his sole assignment of error, Wilson urges the district court erred in sustaining the state’s objection to the admission of the statement he made at the time of his arrest. He argues that if a statement constitutes hearsay, yet forms part of the
 
 res gestae
 
 of the crime, it is admissible in evidence.
 
 State v. Gibson,
 
 359 So.2d 147 (La.1978),
 
 cert. denied,
 
 441 U.S. 926, 99 S.Ct. 2038, 60 L.Ed.2d 400 (1979). The
 
 res gestae
 
 doctrine encompasses not only spontaneous utterances and declarations made before or after the commission of a crime, but also the testimony of witnesses and police officers as to what they heard or saw before, during or after the commission of the crime.
 
 State v. Kimble,
 
 407 So.2d 693 (La.1981). The doctrine is now embodied in La. C. Ev. art. 801 D(4), under the rule that “things said or done” are not hearsay.
 
 [1]
 

 State v. Milton,
 
 99-2092 (La.App. 4 Cir. 5/17/00), 764 So.2d 1134. He contends that his statement, made at the time of his 15arrest and without coercion, was admissible under Art. 801 D(4). Finally, he argues that
 
 *602
 
 exclusion of his statement was not harmless because it was the only evidence of his true intent with regard to the marijuana at the time of his arrest.
 

 The state responds that Wilson’s statement did not satisfy Art. 801 D(4) because it lacked an “integral connection to the event” but was rather a narrative recounting of what purportedly happened, and thus inadmissible.
 
 State v. Emerson,
 
 31,-408 (La.App. 2 Cir. 12/9/98), 722 So.2d 373,
 
 writ denied,
 
 99-1518 (La.10/15/99), 748 So.2d 470. The state further suggests that a self-serving, exculpatory statement is always inadmissible hearsay.
 
 State v. Lanham,
 
 31,791 (La.App. 2 Cir. 3/31/99), 731 So.2d 936,
 
 writ denied,
 
 99-1320 (La.1/14/00), 753 So.2d 207.
 

 While we agree with Wilson’s general statement of the law of
 
 res gestae,
 
 we find that La. C. Ev. art. 801 D(4) does not truly address the situation presented here. This subsection provides that a statement is not hearsay if:
 

 (4) Things said or done. The statements are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events, and which are necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction.
 

 While Wilson’s comment to Agent Walker may have been impulsive and spontaneous, it appears to have been prompted not by the crime itself but by his unexpected arrest; hence, it constituted the words of a participant “when narrating the events” and was inadmissible hearsay.
 
 State v
 
 .
 
 Castleberry,
 
 98-1388 (La.4/13/99), 758 So.2d 749. Although the statement came much sooner after the crime than the one-hour delays in
 
 State v. Emerson
 
 and
 
 State v. Lanham, supra,
 
 the district court did not err in finding it to be narrative and not subject to Art. 801 D(4).
 

 The applicable provision is La. C. Ev. art. 801 D(2), “Personal, adoptive, and authorized admissions.” This subsection provides that a statement is not hearsay if:
 

 (2) Personal, adoptive, and authorized admissions. The statement is offered against a party and is:
 

 (a) His own statement, either in his individual or a representative capacity;
 

 (b) A statement of which he has manifested his adoption or belief in its truth; or
 

 (c) A statement by a person authorized by him to make a statement concerning the subject.
 

 Because Wilson did not testify but rather sought to introduce his post-arrest statement through Agent Walker, who recorded it in his arrest report, this was an attempt to offer a personal, adoptive and authorized admission under Art. 801 D(2). Such a statement is admissible only if it is “offered against a party”; self-serving and exculpatory statements are not admissible under this article.
 
 State v. Palmer,
 
 45,627 (La.App. 2 Cir. 1/26/11), 57 So.3d 1099, and citations therein;
 
 State v. Hunter,
 
 39,664 (La.App. 2 Cir. 6/29/05), 907 So.2d 200,
 
 writ denied,
 
 2005-2027 (La.3/10/06), 925 So.2d 507;
 
 State v. Darjean,
 
 94-1353 (La. App. 3 Cir. 4/5/95), 653 So.2d 812,
 
 writ denied,
 
 95-1146 (La.9/29/95), 660 So.2d 855.
 

 In a certain sense, Wilson’s statement was against his interest: he admitted possessing marijuana for his own use. However, he sought to introduce it for the exculpatory purpose of negating the intent to distribute. |7In
 
 State v. Darjean,
 
 the defendant told a treating physician, “I killed my wife.” When asked what hap
 
 *603
 
 pened, he replied, “She attacked me with a butcher knife.” The defendant sought to offer this statement to prove self-defense, but the trial court excluded it under Art. 801 D(2). The court of appeal affirmed, finding that the real thrust of the statement was to exculpate the defendant. Similarly, we find that the real thrust of Wilson’s statement was to negate the intent to distribute. In this sense, it was not admissible as a personal, adoptive or authorized statement.
 

 Moreover, we find no merit in Wilson’s claim that this statement was the only evidence of his true intent with regard to the marijuana at the time of his arrest. His testimony at the preliminary examination clearly stated that he intended to distribute the marijuana by giving it to his sister. Agent Walker described Wilson’s futile attempt to toss the marijuana and cocaine when he made eye contact with a sheriffs deputy in an unmarked car. While Agent Walker admitted the amount of marijuana (2.1 grams, or under 1/10 ounce) was consistent with personal use, Agent Witham testified that the packaging was consistent with distribution. Viewed in the light most favorable to the state, there was ample evidence from which the district court could find all the essential elements of the offense, including the critical element of intent to distribute. This assignment lacks merit.
 

 Sentencing Errors
 

 On our own motion, we notice several errors in the sentencing process that must be corrected by vacating the sentences and remanding to the district court.
 

 IsFirst, the transcript and minutes confirm that when the district court resen-tenced Wilson on May 13, 2009, Wilson was not present in court. “In felony cases the defendant shall always be present when sentence is pronounced. * * * If a sentence is improperly pronounced in the defendant’s absence, he shall be resen-tenced when his presence is secured.” La. C. Cr. P. art. 835. This provision applies to resentencing and cannot be waived.
 
 State v. Bradford,
 
 29,654 (La.App. 2 Cir. 9/24/97), 700 So.2d 1046.
 

 Second, the transcripts of the April 29 and May 13, 2009, sentence hearings do not show that the district court formally vacated Wilson’s original six-year sentence for possession with intent to distribute marijuana before imposing the enhanced 15-year sentence for a second felony offender.
 
 [2]
 
 The court “shall vacate the previous sentence already imposed” when it imposes an enhanced sentence under the habitual offender law. La. R.S. 15:529.1 D(3).
 

 Finally, at the May 13, 2009, sentence hearing, the prosecutor erroneously argued that the court had not yet sentenced Wilson for possession of cocaine. The court correctly responded that it had done so, giving him a three-year sentence, but then proceeded impose the same sentence again. It is unclear whether this was necessary.
 

 For these reasons, we vacate Wilson’s sentences and remand the case to the district court for a new sentence hearing at which Wilson is present and otherwise fully complies with R.S. 15:529.1.
 

 
 *604
 
 |
 
 ^Conclusion
 

 For the reasons expressed, we affirm Wilson’s convictions and his adjudication as a second felony offender. However, we vacate his sentences and remand the case for resentencing in accord with this opinion.
 

 CONVICTIONS AND SECOND FELONY ADJUDICATION AFFIRMED; SENTENCES VACATED AND CASE REMANDED FOR RESENTENCING.
 

 [1]
 

 . The Louisiana Code of Evidence was adopted in 1988 and became effective on January 1, 1989. 1988 La. Acts. No. 515, § 3.
 

 [2]
 

 . The court minutes for both these dates recite that the prior sentence was vacated but the transcript simply does not confirm this. In such a situation, the transcript prevails over the minutes.
 
 State v. Lynch,
 
 441 So.2d 732 (La.1983);
 
 State v. Speed,
 
 43,786 (La.App. 2 Cir. 1/14/09), 2 So.3d 582,
 
 writ denied,
 
 2009-0372 (La.11/6/09), 21 So.3d 299.