# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## NO. 2020 KA 0592

### STATE OF LOUISIANA

### VERSUS

### JASON DONTREL CHATMAN

*Judgment Rendered:* **FEB 1 9 2021**

********

Appealed from the 32nd Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
Suit No. 703288

The Honorable Randall L. Bethancourt, Judge Presiding

********

| | |
|---|---|
| Joseph L. Waitz, Jr.<br>District Attorney<br>Jay J. Luke<br>Ellen D. Doskey<br>Assistant District Attorneys<br>Houma, Louisiana | Appellee<br>State of Louisiana |
| Mary Constance Hanes<br>New Orleans, Louisiana | Counsel for Defendant/Appellant<br>Jason Dontrel Chatman |

********

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

McClendon, J., Concurs and assigns reasons.

**LANIER. J.**

The defendant, Jason Dontrel Chatman, was charged by amended bill of information with illegal possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. He pled not guilty. Following a jury trial, he was found guilty as charged. Thereafter, the State filed a habitual offender bill of information against the defendant, alleging he was a third-felony habitual offender.[1] Following a hearing, the trial court adjudicated the defendant to be a third-felony habitual offender and sentenced him to twenty-five years at hard labor, without the benefit of probation or suspension of sentence. The defendant moved for reconsideration of sentence, but the motion was denied.

The defendant appealed to this court alleging ineffective assistance of counsel at sentencing.[2] The defendant had various pro-se claims, which he failed to brief, and thus, abandoned.[3] **State v. Chatman**, 2017-0132 (La. App. 1st Cir. 9/15/17), 2017 WL 4082285. We noted patent error, finding that the sentence, although within the proper sentencing range (thirteen years, four months – forty years),[4] failed to restrict the benefit of parole.[5] **Chatman**, 2017 WL 4082285 at

---

[1]   Predicate #1 was set forth as the defendant's July 7, 2009 guilty plea, under 17th Judicial District Court Docket #458626, to illegal carrying of a weapon while in possession of a controlled dangerous substance. Predicate #2 was set forth as the defendant's March 19, 2014 guilty plea, under 17th Judicial District Court Docket #521369, to aggravated flight from an officer.

[2]   The defendant argued trial counsel was ineffective: in failing to investigate the defendant's bipolar disorder; in failing to obtain and present documentation to the trial court to prove the defendant was suffering and being treated for bipolar disorder near in time to the offense; and in failing to obtain and present testimony from an expert to explain the nature of bipolar disorder and offer an opinion on whether the mental defect influenced the defendant's behavior on the day of the offense and his subsequent disruptive behavior in court.

[3]   See Uniform Rules – Louisiana Courts of Appeal, Rule 2-12.4(B)(4).

[4]   See La. R.S. 15:529.1(A)(3)(a) (prior to amendment by 2017 La. Acts Nos. 257, § 1 & 282, § 1).

2

*2. We also found that allowing La. R.S. 15:301.1(A) to act on the illegally lenient sentence by operation of law would impinge upon the trial court's sentencing discretion because had the court recognized that the defendant's habitual offender sentence should be imposed without benefit of parole, it might have imposed a different sentence. Accordingly, we affirmed the conviction and habitual offender adjudication, but vacated the sentence and remanded to the trial court for resentencing. We pretermitted discussion of the claims of ineffective assistance of counsel. **Id.**

Upon remand, in an ex parte hearing where only the State was represented, the trial court "amend[ed]" the sentence to twenty-five years at hard labor without benefit of probation, parole, or suspension of sentence. The defendant now appeals again, challenging the resentencing as violating La. Code Crim. P. art. 835 and his constitutional rights. For the following reasons, we vacate the sentence and remand for resentencing.

## RIGHT TO BE PRESENT AND REPRESENTED AT RESENTENCING

In assignment of error number 1, the defendant contends the trial court violated La. Code Crim. P. art. 835 by resentencing him while neither he nor his counsel were present. In assignment of error number 2, the defendant contends resentencing him in absentia also violated his constitutional rights by denying him any opportunity to assert or prove that his diagnosed bipolar disorder should be considered a mitigating factor.

Resentencing was held in this matter on September 22, 2017. The State was represented, but neither the defendant nor counsel on his behalf were present. The record does not reflect, and the State does not allege, that the defendant waived his right to be present or his right to counsel at resentencing.

---

[5] See La. R.S. 14:95.1(B) & **State v. Bruins**, 407 So.2d 685, 687 (La. 1981) ("the conditions imposed on the [habitual offender] sentence are those called for in the reference statute.").

3

At the time of the hearing,[6] La. Code Crim. P. art. 835 provided:

> In felony cases the defendant shall always be present when sentence is pronounced.... If a sentence is improperly pronounced in the defendant's absence, he shall be resentenced when his presence is secured.

Article 835 applies to resentencing. **State v. Wilson**, 46,340 (La. App. 2d Cir. 5/18/11), 69 So.3d 598, 603.

Further, an accused has a constitutional right to the assistance of counsel at every stage of criminal proceedings. La. Const. art. I, § 13 (1974).[7] Likewise, the constitutional right to the assistance of counsel provided by the Sixth Amendment of the United States Constitution mandates the right, unless waived, to the assistance of counsel at every critical stage of the proceedings, including an initial or deferred sentencing. Sentence imposed without the presence of the defendant's attorney is illegal and of no effect, for certain vital issues cannot be raised and important rights may be lost if not raised or exercised prior to this stage of the proceedings. Unless a defendant has made a knowing and intelligent waiver of his right to counsel, any sentence imposed in the absence of counsel is invalid and must be set aside. **State v. Paschal**, 2006-0824 (La. App. 1st Cir. 11/3/06), 2006 WL 3108161, *2.

---

[6]     Article 835 was subsequently amended to allow the trial court to provide by local rule "for a defendant's appearance at the pronouncement of sentence by simultaneous audio-visual transmission in accordance with the provisions of Article 562." See 2020 La. Acts No. 160, § 1.

[7]     See also La. Code Crim. P. art. 511 ("[t]he accused in every instance has the right to defend himself and to have the assistance of counsel.").

4

The State argues there is no violation of the defendant's right to be present at sentencing in this case because the trial court amended the sentence to conform to the statutory mandate without imposing a different sentence, and thus, this court's assumption that "[h]ad the trial court recognized that defendant's habitual offender sentence should have been imposed without the benefit of parole, it might have imposed a different sentence" was incorrect. See **Chatman**, 2017 WL 4082285 at *2. In the alternative, the State argues any error in the sentencing was harmless because "[h]ad [this] court originally applied the self-activating provisions of La. R.S. 15:301.1, there would have been no need for the defendant's presence or for him to be represented when the sentence was 'amended' or 'corrected' in his Department of Corrections' record."

The defendant's constitutional and statutory rights are not conditioned on whether or not the trial court rules in his favor in an ex parte proceeding where only the State is represented. Further, the violation of the defendant's rights was not harmless. Not only was the defendant deprived of the opportunity to offer argument and evidence to possibly remedy his claims of ineffective assistance of counsel at sentencing, he was unable to preserve his right to review of the sentence.

Under La. Code Crim. P. arts. 881.1(E) and 881.2(A)(1), the failure to make or file a motion to reconsider sentence shall preclude the defendant from raising an objection to the sentence on appeal, including a claim of excessiveness. When the trial court resentences the defendant, the result is the imposition of a new sentence. Since a new sentence is imposed, Article 881.1 requires that a renewed motion for reconsideration be made or filed, specifying the grounds for objection to the new sentence. The motion for appeal is not a substitute for a motion to reconsider sentence and does not satisfy the requirements of Article 881.1. See **State v. Graham**, 2014-1769 (La. App. 1st Cir. 4/24/15), 171 So.3d 272, 281, writ denied,

5

2015-1028 (La. 4/8/16), 191 So.3d 583; **State v. Washington,** 2008-1892 (La. App. 1st Cir. 3/27/09), 2009 WL 838318, *1.

Resentencing the defendant in absentia violated Article 835 and requires that he "be resentenced when his presence is secured." Further, unless the defendant knowingly and intelligently waives his right to counsel, he must be afforded his right to counsel at resentencing. Accordingly, the September 22, 2017 sentence is vacated, and this matter is remanded to the trial court for resentencing in the presence of the defendant with representation of counsel.

These assignments of error have merit.

**SENTENCE VACATED AND REMANDED WITH INSTRUCTIONS.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 KA 0592


STATE OF LOUISIANA

VERSUS

JASON DONTREL CHATMAN

************************************************

**McClendon, J., concurring.**

I agree with the dissent in the prior decision in this matter that LSA-R.S. 15:301.1 is "self-activating" and the sentence is "deemed" to be with restriction of parole benefits. See **State v. Chatman**, 17-0132 (La.App. 1 Cir. 9/15/17) (unpublished). However, given the majority decision to remand for resentencing, I concur in the result reached.